THE PEOPLE v. JAMES HARDING.

[See ante, p. 48.]

*Striking plea from files—Common law privileges of persons charged with crime—Autrefois acquit—Discharge of jury.*

1. The purpose of a plea is to tender an issue upon some fact not already in the case that proof may be taken in respect to it if the issue is accepted. But if the fact is in the case, and especially if it is so conclusively established by the record that no contrary averment would be admissible, a plea setting up the fact would be idle, and, instead of demurring to it, a motion should be made to strike it from the files.

2. Constitutional provisions must be interpreted with reference to the times and circumstances under which the constitution was formed, and the general spirit of the times and the sentiments prevailing among the people.

3. It is contrary to the spirit of the Michigan Constitution of 1850 to narrow the common-law privileges of accused persons.

53 MICH—31

4. The constitutional provision that "no person, after acquittal upon the merits, shall be tried for the same offense," (Mich. Const. art. vi, § 29,) was in enlargement of the common-law privileges of accused persons, which did not extend to making a trial upon an insufficient charge a bar to a subsequent trial upon an accusation made in due form. It has no application to a case in which the jury have disagreed, and have been discharged from farther consideration thereof.

5. The discharge of a jury, upon their reporting that they cannot agree, implies that the judge assents to their conclusion that they are unable to agree, and that he decides it to be necessary to discharge them without a verdict. And this decision is conclusive. But such a discharge is no bar to a new trial.

Exceptions from the Recorder's Court of Detroit. (Swift, J.) April 18.—April 23.

LARCENY. Respondent brings error. Conviction affirmed.

*John G. Hawley* for appellant. The jury's inability to agree must be judicially determined : 1 Bish. Cr. L. (5th ed.) § 1034 ; Proffatt on Jury Trials § 491 ; see *Poage v. State* 3 Ohio St. 229 ; *Miller v. State* 8 Ind. 325 ; *State v. Walker* 26 Ind. 346 ; the necessity for discharging a jury without the prisoner's consent must appear of record : *State v. Ephraim* 2 Dev. & Bat. 166 ; *Winsor v. Regina* L. R. 1 Q. B. 290 ; 1 Bish. Cr. Pro. (2d ed.) § 825 ; 1 Whart. Cr. L. § 573.

Attorney General *Jacob J. Van Riper* and *George F. Robison* for the People. Acquittal on the merits is broader than "former jeopardy" : *People v. Krummer* 4 Park. Cr. 217 ; *Canter v. People* 38 How. Pr. 91 ; *Smith v. State* 41 N. J. L. 616 ; a plea of former jeopardy based on the discharge of a jury without verdict is bad if it does not state that the jury was not sworn : *Lyman v. State* 47 Ala. 686 ; but it is sufficient if a matter that should have been stated in the plea appears of record : *Guild v. Richardson* 6 Pick. 364 ; *Johnson v. State* 29 Ark. 31 ; *Atkins v. State* 16 Ark. 574 ; it is discretionary and not reviewable to discharge a jury without a verdict : *Winsor v. Queen* L. R. 1 Q. B. 289 ; *U. S. v. Perez* 9 Wheat. 579 ; *State v. Brooks* 3 Humph. 70 ; *People v. Green* 13 Wend. 55 ; *U. S. v. Haskell* 4 Wash. C. C. 408 ; *Fells' Case* 9 Leigh 613 ; *Com. v. Purchase* 2 Park. Cr. 521 ; *Com. v. Townsend* 5 Allen 216 ; *Com. v. Sholes* 13 Allen 554 ; *Williford v. State* 23 Ga. 1 ; *Hoffman v. State* 20 Md. 425 ; in North Carolina, in felonies not capital : *State v.*

*Johnson* 75 N. C. 123 ; *State v. Bass* 82 N. C. 570 ; *State v. Chase* 82 N. C. 575 ; but the presumption is that the judge in discharging the jury acted legally : *State v. Waterhouse* Mart. & Yerg. 278 ; *State v. Battle* 7 Ala. 259 ; *Atkins v. State* 16 Ark. 568 ; *State v. Copeland* 65 Mo. 497 ; *State v. Matrassey* 47 Mo. 295 ; *Lyman v. State* 47 Ala. 686 ; *Price v. State* 36 Miss. 531 ; *People v. Schoeneth* 44 Mich. 489 ; the forms of pleas of former jeopardy negative the consent of the defendant to the discharge of the jury : 1 Bishop Cr. Pr. (2d ed.) §§ 822, 829 ; 2 Wharton's Precedents 1157 ; *Grant v. People* 4 Park. Cr. 527 ; *Barrett v. State* 35 Ala. 406 ; *Lester v. State* 33 Ga. 329 ; *State v. Copeland* 65 Mo. 497 ; *U. S. v. Morris* 1 Curt. C. C. 23 ; and sometimes the necessity of the discharge : *McCauley v. State* 26 Ala. 135 ; a plea that pleads the record of which it is part must be stricken off : *Reg. v. Charlesworth* 9 Cox C. C. 40.

COOLEY, C. J. Information for larceny. The respondent pleaded not guilty, and the case was brought to trial July 11, 1883. The record states that the jury, "duly elected, tried and sworn, sit together, hear the evidence in the case, the argument of counsel, and the charge of the court, retire under charge of an officer duly sworn to attend to them, to consult upon their verdict, having been absent for a time, return into court, and having been inquired of as to their verdict, say upon their oath aforesaid, in the presence of the defendant, that they are unable to agree upon a verdict. Thereupon they are discharged by the court from further consideration of this case."

The respondent was again brought to trial August 15, 1883, and the record of the trial is the same as that of the first, except the conclusion, which is as follows : " They find that they are unable to agree upon a verdict. Thereupon they are discharged by the court from further consideration of this case."

The case was called for a third trial September 5, 1883, when respondent filed two pleas puis darrein continuance, in which he set out the proceedings on the two previous trials and the discharge of the two juries, and prayed judgment if the People ought further to prosecute the information. The prosecuting attorney demurred to these pleas, and the

court sustained the demurrer. The case then went to trial on the plea of not guilty, and the respondent was convicted. He alleged exceptions for the purpose of bringing before this Court a question which has since been disposed of in another case, and the case is brought up for review before judgment. The only question now presented for decision is whether either the first or the second trial is a bar to further prosecution.

I. The two special pleas have no office to perform in the case, and should have been stricken from the files. This is too plain to require either argument or illustration. The purpose of a plea is to tender an issue upon some fact not already in the case, that proof may be taken in respect to it if the issue is accepted. If the fact is already in the case, the plea is idle; and it becomes an absurdity when the fact is not only established by the record of the court in the very case in which the plea is tendered, but so conclusively established that no averment to the contrary could be listened to or received. And such was the case here. The proceedings on the former trials were recited in the record, as much at large as they were or could be in the pleas, and the respondent was entitled to all the benefits which the law could give him, the facts so appearing. The prosecutor should therefore have moved to strike the pleas from the files instead of taking an idle issue upon them.

II. But the question remains whether either of the former trials was a bar; and upon this counsel have presented their views. It is contended on the part of the respondent that when a jury is called and sworn for the trial of a criminal accusation, the respondent is in legal jeopardy, and that he is entitled to a verdict from that jury, and any discharge of it without verdict except for some reason of controlling necessity is equivalent to an acquittal, and may be relied upon as such. And such a reason, it is said, does not appear in this case. On the other hand, the prosecution contends that in this State only an acquittal upon the merits is a bar to a further prosecution.

This last contention is founded upon section 29 of article

six of the State Constitution, the first clause of which provides that "No person, after acquittal upon the merits, shall be tried for the same offense." This, it is argued, is a restriction upon the common-law right, and limits the privilege to rely upon an acquittal as a bar to the cases in which the acquittal was upon the merits. It is a little remarkable that this point, if tenable or even plausible, should be now raised for the first time. The present Constitution has now been in force a third of a century, and during that time the occasions for raising the same question have been numerous, but have never been embraced. This Court in its decisions has in several cases given to accused parties the benefit of common-law rules respecting legal jeopardy in cases where, on a former trial, the case was disposed of without passing upon the merits; and it has been supposed that the rules of law made it imperative to take this course. *People v. Jones* 48 Mich. 554; *People v. Dolan* 51 Mich. 610, decided at the last October term. We can scarcely suppose that this provision of the Constitution has been altogether overlooked by both bench and bar.

But it is urged that the clause is meaningless unless the effect is given to it for which the prosecution contends. In this we do not agree. It may have meaning and effect, though different to that the prosecution contends for. And in seeking for its real meaning we must take into consideration the times and circumstances under which the State Constitution was formed—the general spirit of the times and the prevailing sentiments among the people. Every constitution has a history of its own which is likely to be more or less peculiar; and unless interpreted in the light of this history, is liable to be made to express purposes which were never within the minds of the people in agreeing to it. This the court must keep in mind when called upon to interpret it; for their duty is to enforce the law which the people have made, and not some other law which the words of the constitution may possibly be made to express.

The present Constitution of this State was adopted in 1850, when all the tendencies of the day were in the direc-

tion of enlarging individual rights, giving new privileges, and imposing new restrictions upon the powers of government in all its departments. This is a fact of common notoriety in this State; and the tendencies referred to found expression in many of the provisions of the Constitution. Many common-law rights were enlarged, and given the benefit of constitutional inviolability; and if any were taken away, or restricted in giving new privileges, it was only incidentally done in making the general system more liberal, and, as the people believed, more just. Such a thing as narrowing the privileges of accused parties, as they existed at the common law, was not thought of; but, on the contrary, pains were taken to see that they were all enumerated and made secure. Some were added; and among other provisions adopted for that purpose was the one now under consideration.

It was always possible that at the common law a man might be acquitted upon the merits, and yet be subject to trial again. This could never happen if the first accusation was in a court of competent jurisdiction, and was so far made in legal form that a valid judgment might be rendered upon it; but if, for any reason, the charge was not sufficient to support a judgment, a trial upon it could be no bar to a subsequent trial upon an accusation preferred in due form of law. *Vaux's Case* 4 Co. 44; *Rex v. Burridge* 3 P. Wms. 439; *People v. Barrett* 1 Johns. 66; *State v. Ray* Rice 1; *State v. Williams* 5 Md. 82; *Pritchett v. State* 2 Sneed 285; *Black v. State* 36 Ga. 447; *Finley v. State* 61 Ala. 201. This might in some cases operate as a great hardship, especially upon poor persons; and it was this hardship that the constitutional provision was intended to preclude. It was meant to give a privilege not existing at the common law; it had no purpose to take away any which before existed. How extensive the privilege is which it gives, or in what cases it may be claimed, it would not be proper for us to express an opinion upon at the present time; but as regards the general purpose we have no doubt. The provision has no application to a case like the present.

This case is therefore to be determined on common-law rules; and the respondent relies upon *People v. Jones* 48 Mich. 554, as ruling it. That case is not very fully reported. The record showed that the respondent was put on trial before a jury duly impaneled and sworn; that the prosecution went into the proofs and rested; that thereupon the jury was discharged, and a new information filed against the respondent for the same offense, upon which he was tried and convicted. The proceedings on the first information were pleaded as a bar to the second, and this Court sustained the bar. No reason appeared for discharging the jury, and the discharge stood upon the record as an act of the court, not shown to have been assented to or compelled by any necessity.

On each of the trials appearing in the record before us, the jury reported to the court an inability to agree, and were immediately discharged by its order. It is conceded on behalf of respondent that when it is found impossible for the jury to agree, the judge may lawfully discharge them for that reason, and the discharge is not an acquittal; but it is contended that the record must show that the judge found that a necessity for the discharge existed; and upon the validity of this contention the case must turn.

There is no doubt the report of the jury that they cannot agree is the proper evidence upon which the judge should act in determining upon the impossibility of their reaching a verdict. But he may not be satisfied with their first report, and has a right to keep them together for further consultation as long as in his opinion there is reasonable ground for believing they may finally agree. The whole subject, however, is referred to his judgment; and when he decides, no one can question his conclusion. And if in this case he had directed an entry upon the journal of the court that, being satisfied the jury could not agree, he directed their discharge, no question could be made of the right to proceed to a new trial.

But while it would be very proper to make such an entry, it has never been the practice in this State to do so. The fact that the judge, on receiving the report of the jury of

their inability to agree, directs their discharge, is understood to be an assent on his part to their own conclusion, and a determination by him that the necessity for their discharge without a verdict has arisen. And we think this a proper view to take of his action. Any other would be technical, and tend in many cases to defeat justice.

The conviction must be affirmed.

The other Justices concurred.