PEOPLE *v*. TAYLOR.

117    583
s76NW  158
130   2545
130   2546
117    583
145   2499

1. CRIMINAL LAW—FORMER ACQUITTAL—SPECIAL PLEA.

Where, upon a criminal prosecution, the evidence of a former acquittal of the accused is before the court as a part of its own record in the case, the defense need not be specially pleaded.

2. SAME—JEOPARDY—WHEN ATTACHES.

After a jury had been sworn and some of the testimony taken in a criminal case, the court quashed the proceedings, and ordered the discharge of the accused, upon his contention that the statute on which the charge against him was based had been repealed. Subsequently, on its appearing that no repeal had been effected, the case was reinstated, and a con-viction followed. *Held*, that the defendant was in jeopardy in the earlier proceeding, and that the subsequent conviction was unauthorized.

3. SAME—WAIVER.

Where an accused person, after a jury is sworn in the case, obtains his discharge by direction of the court upon a legal question involved therein, he is not precluded, by thus evading a trial upon the merits, from setting up such dis-charge as a bar to a subsequent prosecution for the same offense.

Error to Saginaw; Snow, J. Submitted June 16, 1898. Decided July 12, 1898.

Orson D. Taylor was convicted of obtaining a signature to promissory notes by means of false pretenses, and sentenced to imprisonment for six years in the state prison at Jackson. Reversed, and respondent discharged.

*James Van Kleeck, Albert Trask,* and *N. S. Wood,* for appellant.

*E. L. Beach,* for the people.

HOOKER, J. The defendant was convicted of the offense of obtaining the signature of the complainant to three promissory notes by means of false pretenses, and has brought the case to this court by writ of error.

The record shows that upon a former trial a jury was impaneled and sworn, and testimony taken, when the judge ordered all proceedings to be quashed and the prisoner discharged. The journal entry, after reciting that the jury was impaneled and sworn, proceeded as follows:

"After hearing counsel for the respective parties, and the court being fully advised in the matter, it is ordered that all proceedings in this cause be quashed, and the prisoner discharged, for the reason that the circuit court has no jurisdiction in the matter."

Subsequently an order was made vacating the order to quash the proceedings and discharge the prisoner, and reinstating the case. The trial followed, resulting in conviction; and it is now contended that the defendant was in jeopardy upon the first trial, and that the subsequent conviction was erroneous for that reason. The record does not show the ground of the court's action in quashing the proceedings, and it does not expressly appear that it was made upon the motion of defendant's counsel, though that is inferable from the statement that the order was made "after hearing counsel." It seems to be conceded by

counsel, however, that it was claimed upon behalf of the defendant that the statute upon which the charge was brought had been repealed, and the court so held. Subsequently, this court passed upon the question in another case, and held otherwise, and the motion to reinstate followed.

It is urged upon the part of the prosecution that this question should have been, but was not, raised by plea, and that the alleged former acquittal was not proved upon the trial. But we are of the opinion that the contention should not prevail. While the record returned contains no plea, a reference to it appears. Furthermore this is not a new proceeding, but it is a second trial in the first and only prosecution instituted. All that has occurred is before the court, upon its own record in the case, and therefore need not be pleaded, nor is formal proof of the record required. This was held in the case of *People* v. *Harding*, 53 Mich. 481, where it was said that special pleas had no office to perform where the facts alleged in them were already in the case.

There can be no doubt, under the weight of authority, that the defendant was in jeopardy upon the first trial. There are authorities that hold that legal jeopardy does not attach until a verdict is rendered, but that has never been the rule in Michigan.

It is urged by the prosecution that the defendant cannot avail himself of his former jeopardy, having waived it by his motion, which upon its face shows that he was willing that the merits of the case should not be disposed of. We are cited to 1 Bish. New Cr. Law, § 1027, subd. 4, which states the rule to be that "where, at any stage of the proceedings, the defendant procures the indictment to be quashed, he cannot, in bar to a new one, assert that the first was good, and he was in jeopardy under it." Three cases are cited in support of this statement of the law. One of these goes no further than to hold that where a conviction is set aside by the trial court on the defendant's motion, and upon the ground that the infor-

mation is bad, such proceedings are not a bar to a subsequent prosecution for the same offense, upon a new information. *State* v. *Hart*, 33 Kan. 222. That is the rule in this State, to the extent at least that it would not bar another trial on the same information. But the setting aside a conviction upon a defendant's motion is a radically different thing from acquitting him upon the trial, though upon an erroneous legal proposition urged by his counsel. See, also, *State* v. *Norvell*, 2 Yerg. 24 (24 Am. Dec. 458); *People* v. *Casborus*, 13 Johns. 351; *Gerard* v. *People*, 3 Scam. 362.

The case of *State* v. *Priebnow*, 16 Neb. 133, held a plea of former acquittal bad where it failed to show that there had been a judgment of acquittal. In that case the record showed that an objection was made to the introduction of testimony, on the ground that the indictment did not charge the commission of a crime. The case turned upon a statute, which the court construed to require a judgment of acquittal to justify the plea. Thus, it would seem that Nebraska might be added to the list of States which hold that jeopardy does not begin until after the verdict is declared. See 1 Bish. New Cr. Law, § 1018, and note. It can hardly be considered an authority in support of the rule stated by Mr. Bishop in those States which do not adopt the view that jeopardy begins only after verdict.

The third and last case cited by the author is *Joy* v. *State*, 14 Ind. 149. In that case an indictment contained two counts. During the trial, on motion of the defendant's counsel, the prosecuting officer was required to elect between the counts, which he did. The court afterwards quashed the count elected, and the prosecutor was then allowed to *nol. pros.* the discarded count. The prisoner was remanded to jail, and was discharged from that indictment. He was indicted again, and pleaded his former jeopardy. The court held that, by his own consent, he had waived the right to raise the question. It appeared in that case that the rulings were made after the jury was sworn, but before the prosecuting officer had stated the

case to the jury, which the court said, "under our practice, is in effect giving the defendant and the case in charge to the jury;" citing 2 Rev. Stat. p. 374, § 103. Thus, we find that the two cases which tend most strongly to support the claim of the prosecution are from code States, and the decisions are apparently based upon statutes, while in one of them, viz., the Indiana case, it is intimated that the·jury had not taken charge of the defendant or his case when the action was taken, and he was not in jeopardy for that reason.

This case should be distinguished from a class of cases where, after a jury is impaneled and charged with the defendant and his case, some intervening necessity compels the discharge of the jury, *e. g.*, the death or sickness of a juror, the ending of the term, a disagreement, etc., and ·possibly a continuance, granted upon the motion of the defendant. The case of *Stewart* v. *State*, 15 Ohio St. 155, is such a case. After the jury was sworn, it was discovered that one of the jurors had been on the grand jury which found the indictment in the case. The defendant's counsel objected to proceeding to trial with the jury thus impaneled, but declined to waive any of the defendant's rights. The jury was discharged, and a conviction by another jury was sustained. Such a case was *People* v. *Gardner*, 62 Mich. 312. There a question arose over the regularity of the jury, and a new one was called upon the defendant's objection to the first. It was said by Mr. Justice CHAMPLIN that "he has no right to complain that his objection was sustained, and the discharge of the jury with his consent cannot be set up as an acquittal." The case before us is different. The counsel for the defendant went into the trial of their case, and upon the trial obtained what has usually been considered as equivalent to a verdict of acquittal by direction of the court, upon a legal question involved in the case. The defendant did not·ask to have the jury discharged, under circumstances implying a consent to a trial before another jury, as in the case of *People* v. *Gardner*, and authorities cited; but he

raised a question going to the legal merits of his case. Of necessity, it was a question to be decided by the court, who might have directed the jury to find a verdict of not guilty, upon that ground, after all evidence was in. He did not do this, but what was done was practically the same thing. It turns out that he was in error, but it was none the less an acquittal.

The hardship of this case is apparent, because it is so palpably an escape of a defendant from trial of the merits of his case, as commonly understood, upon a mistake of law; but all mistakes of law are not made so plainly manifest as this has happened to be, by reason of the review of the question involved so soon after the discharge of this defendant. The question was not free from difficulty, and was one about which lawyers might reasonably differ. In the minds of many, it is a hardship on society to require it to submit to the escape of criminals through mistakes of law; and some States have attempted to remedy it by permitting a review of the case at the instance of the State, and subjecting the defendant to a new trial if reversed. This is not the general rule, however, and the public has usually been compelled to bear the burden of mistakes of courts in criminal cases, under a somewhat technical and perhaps too rigid application of the rule that a person shall not be twice placed in jeopardy for the same offense. Our own Constitution may be thought to have been intended to limit this immunity to cases where the acquittal has been upon the merits. Const. art. 6, § 29. But it was held otherwise in the case of *People* v. *Harding*, 53 Mich. 485. It is possible that, in a case like the present one, justice would be better subserved by a refusal to apply the rule; but we consider the law to be too well settled to justify such a disposition of the case.

The conviction and judgment are reversed, and the defendant discharged.

The other Justices concurred.