George v. State.

EDMON GEORGE v. STATE OF NEBRASKA.

FILED OCTOBER 18, 1899.  No. 10,879.

1. **Cattle Stealing: RECEIVING STOLEN CATTLE.** The crimes of stealing cattle and of receiving stolen cattle, described in section 117*a* of the Criminal Code, are separate and distinct offenses.

2. **Criminal Law: CONVICTION UNDER ONE OF TWO COUNTS: NEW TRIAL: FORMER JEOPARDY.** Where an information, in different counts, charges separate and distinct crimes, and the accused, on the trial, is acquitted on a count charging one crime but is convicted on a count charging another crime, he can not, on a new trial being granted, be tried for the offense of which he was acquitted at the former trial.

George v. State.

3. ———: ———: ———: ———. In such case the new trial can be granted only on the count upon which a conviction was had on the former trial.

4. ———: DEGREES OF CRIME: NEW TRIAL. Where a crime consisting of several degrees is charged in different counts of an information, the allowance of a new trial goes to the whole case.

5. ———: ISSUES. In a criminal case but one issue can properly be before the court at one time.

6. ———: PLEADING: JUDICIAL NOTICE. It is unnecessary to plead facts of which the court will take judicial notice.

7. ———: PLEA IN BAR. A plea in bar may be disregarded, if presented while the plea of not guilty remains on the record.

8. ———: ———: FORMER ACQUITTAL. A plea in bar need not be interposed to call to the attention of the court matters of record, which show that the accused was duly acquitted in the same court, in the same case of the identical charge upon which it is proposed to try him again.

9. ———: WITHDRAWAL OF PLEA. Whether a defendant is authorized to withdraw a plea of not guilty after the issue raised by it has been, in the orderly course of procedure, unalterably adjudicated, quære.

10. ———: ———: PLEA IN BAR: REVIEW. Where a court entertains and considers the merits of a plea in bar, without a formal withdrawal of the plea of not guilty, it is, at most, a mere irregularity, and the action of the court thereon may be the subject of review.

11. ———: ———: ———. In such case the plea of not guilty will be considered as constructively withdrawn.

ERROR to the district court for Cherry county. Tried below before KINKAID, J. Reversed.

The opinion contains a statement of the case.

John M. Tucker, for plaintiff in error:

Accused was charged with having committed two crimes. Under an information charging in different counts two separate and distinct offenses, a defendant who was acquitted under one count, and found guilty under the other, can not afterward be convicted of the offense of which he was acquitted. See Levi v. State, 14 Nebr., 2; Bohanan v. State, 18 Nebr., 57; Morris v. State, 8

S. & M. [Miss.], 762; *Lesslie v. State,* 18 O. St., 395; *King v. Mawbey,* 6 Term Rep. [Eng.], 638; *Campbell v. State,* 9 Yerg. [Tenn.], 333; *State v. Behimer,* 20 O. St., 572; *State v. Kettle,* 2 Tyler [Vt.], 471.

*Wolfenbarger & Williams,* also for plaintiff in error:

Stealing cattle and receiving stolen cattle are separate and distinct crimes. See *Commonwealth v. Bragg,* 47 S. W. Rep. [Ky.], 212; *George v. State,* 57 Nebr., 656; Criminal Code, sec. 117*a; Foster v. State,* 39 Ala., 229; *State v. Sias,* 17 N. H., 558; *State v. Smith,* 43 Vt., 324; *Shepherd v. People,* 25 N. Y., 406; *Torney v. State,* 13 Mo., 455; *State v. Shaffer,* 59 Ia., 290.

Other references: *Smith v. State,* 42 Nebr., 356; *Arnold v. State,* 38 Nebr., 752; *Conklin v. State,* 25 Nebr., 784.

*C. J. Smyth, Attorney General,* and *W. D. Oldham, Deputy Attorney General,* for the state:

Where different counts of an information are formal variations stating the same offense, the granting of a new trial opens the whole case, and accused may be put upon his trial and convicted under any of the counts. See *Jarvis v. State,* 19 O. St., 585; *Bailey v. State,* 26 Ga., 579; *Mitchell v. State,* 8 Yerg. [Tenn.], 514; *Brown v. United States,* 52 S. W. Rep. [Ind. T.], 56.

When the defendant in a criminal prosecution is adjudged guilty of the crime charged, and subsequently procures a reversal of the judgment of conviction on account of error by the trial court, he will be held to have waived his right to object to further prosecution on the ground that he has been once put in jeopardy. See *McGinn v. State,* 46 Nebr., 427; *State v. Terreso,* 42 Pac. Rep. [Kan.], 354; *Benton v. Commonwealth,* 21 S. E. Rep. [Va.], 495.

SULLIVAN, J.

The first count of the information charges the defendant, Edmon George, with the larceny of certain cattle.

In the second count it is alleged that he received the same cattle knowing that they had been stolen, and with the intent of defrauding the owner. A jury, impaneled to try the issues raised by a general plea of not guilty, returned a verdict of conviction on the second count, and made no express finding as to the accusation contained in the first count. The court received the verdict, discharged the jury, and sentenced the defendant to imprisonment in the penitentiary for a term of years. He thereupon prosecuted error to this court, and secured a reversal of the judgment. The cause was remanded for further proceedings, and the defendant, having been again put upon trial, was found guilty, and sentenced on the first count of the information.

The principal question now before us for decision is the legal effect of the first verdict. Counsel for George insist that it was, in contemplation of law, an acquittal of the charge of larceny, and that the judgment under review is, therefore, erroneous. We think counsel are right. We think the defendant has been sentenced for a crime of which he has been once, in a regular judicial proceeding, declared by the verdict of a jury to be innocent. The prosecution was based on section 117a of the Criminal Code, which is as follows: "If any person shall steal any cow, steer, bull, heifer, or calf, of any value, or if any person shall receive or buy any cow, steer, bull, heifer, or calf, that shall have been stolen, knowing the same to have been stolen, with intent by such securing or buying to defraud the owner, or if any person shall conceal any such thief, knowing him to be such, of if any person shall conceal any cow, steer, bull, heifer, or calf, knowing the same to have been stolen, every such person so offending shall be imprisoned in the penitentiary not more than ten years nor less than one year, and shall pay the costs of prosecution." That the violations of this section charged in the two counts of the information are distinct crimes is, of course, self-evident. Neither offense comprehends

the essential elements of the other. They are, according to the plain meaning of the law, separate and distinct transactions. A person who is guilty of larceny under .the above section can not also be guilty of receiving the stolen property. He can not be the receiver and the thief. The defendant was accused in the information of two substantive crimes. He was put on trial and convicted of one and, by implication, acquitted of the other; and he is now as much entitled to the benefit of the verdict in his favor as though he had been subjected to two prosecutions instead of one. "When there has been an acquittal on one count and a conviction on another," says Wharton, "and the counts are for distinct offenses, a new trial can only be granted on the count on which there has been a conviction; and it is error on a second trial to put the defendant on trial on the former." See Wharton, Criminal Pleading & Practice [9th ed.], sec. 895. The rule thus stated by the learned author is, we believe, in harmony with all the adjudged cases. See *Bell v. State*, 48 Ala., 684; *Fisher v. State*, 46 Ala., 721; *Campbell v. State*, 9 Yerg. [Tenn.], 333; *Lesslie v. State*, 18 O. St., 390; *State v. Behimer*, 20 O. St., 572. The case of *Bohanan v. State*, 18 Nebr., 57, cited by the attorney general, does not establish or recognize a contrary doctrine. It merely decides that where a crime, consisting of several degrees, is charged in different counts of an information, the allowance of a new trial goes to the whole case. The validity of the rule quoted from Wharton is recognized in the opinion, but held to be inapplicable, because in that case a single criminal act was under investigation. REESE, J., speaking for the court, said, in substance, that where the offenses charged are separate transactions—distinct crimes—the vacation of a verdict of conviction on one count does not destroy the verdict to the extent that it operates as an acquittal on other counts.

The next question to consider is whether the defendant is in a position to insist that he has been twice in

jeopardy. The record fails to show that the plea of not guilty was withdrawn, and the attorney general contends that the plea in bar was, therefore, not properly before the court for decision. It was said in *Davis v. State*, 51 Nebr., 301, that there can be only one issue before the court in a criminal case at one time, and that the court is at liberty to disregard a plea in bar which is presented while the plea of not guilty remains on the record. This is, no doubt, a correct construction of the statute; but we do not see the necessity for a plea in bar where, as in this case, the fact that the defendant has been once duly acquitted, appears affirmatively on the face of the record. It is an elementary rule of pleading, that it is not necessary to allege facts of which the court will take judicial notice. That George was informed against for the crime of larceny, and that he had been tried and acquitted were facts within the judicial knowledge of the court. The plea of not guilty, in the orderly course of procedure, had been sustained; the prosecution on the first count of the information was ended, and the defendant, but for the crime charged in the second count, was entitled to go free. To bring to the notice of the trial court, by a verified pleading, the fact that it was without jurisdiction or authority to try the accused again on the charge of larceny, would seem to be an idle and witless ceremony. It is the office of a plea in bar to bring new matters before the court, and not merely to present in another form the matters already inscribed on its records. This defendant has been lawfully acquitted of the charge of larceny; and that fact being incontestably established, we would be no more justified in affirming the sentence of the trial court than we would be, if the information did not allege the commission of a crime. Besides, it may well be doubted whether a defendant, under any circumstances, is authorized to withdraw a plea of "not guilty" after the issue raised by it has been unalterably adjudicated. But it is evident the judgment should be reversed, even if a plea

in bar were necessary to entitle the defendant to the benefit of the verdict on the first trial. The court did not refuse to consider the plea. It was fully considered; a motion to make it more definite and certain was sustained, and it was afterwards adjudged to be insufficient in law to constitute a bar to the prosecution; in other words, the court dealt with the special plea on its merits, and, having done so, its judgment thereon is subject to review. To act on the plea in bar while the plea of not guilty was pending would be, at most, an irregularity which would not invalidate the action of the court. There would probably be in such case a constructive retraction of the plea of not guilty. The judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.