UNITED STATES v. JIM LEE et al.

(District Court, N. D. California. June 29, 1903.)

No. 4,089.

1. CRIMINAL LAW—TWICE IN JEOPARDY—DISCHARGE OF JURY FOR DISAGREE-MENT.

The discharge of a jury in a criminal case without rendering a verdict rests in the sound discretion of the court, to be exercised whenever it is satisfied from statements of the jurors that they cannot reach an agreement, and such discharge constitutes no legal bar to a second trial of the accused.

Criminal Prosecution. On motion of defendants for discharge.

B. F. McKinley, Asst. U. S. Atty.

Denson & Schlesinger and Frank G. Drury, for defendants.

DE HAVEN, District Judge. The defendants are under indictment for the crime of having had in their possession, with intent to fraudulently use the same, molds with an inscription thereon in the likeness of the inscription on dies' used for coining genuine silver coins of the United States. They were placed upon trial before the court, and a jury impaneled to determine the question of their guilt or innocence, and thereafter, on May 28, 1903, at 1:30 o'clock p. m., the cause was regularly submitted to the jury for decision. The jurors were unable to agree upon a verdict, and were discharged by the court at 4 o'clock and 5 minutes p. m. of the same day. The entry upon the minutes of the court, so far as relates to the pending question, is as follows:

"* * * The court 'then charged the jury, who at 1 o'clock and thirty minutes p. m. retired to deliberate upon a verdict. By the court ordered that the jurors engaged in the trial of this case and two bailiffs be furnished meals at the expense of the United States. Subsequently, at 4 o'clock and 5 minutes p. m., the jurors returned into court, and upon being asked in the presence of the defendants and their attorney, Mr. Drury, if they had agreed upon a verdict, said they had not agreed, and that it was impossible to agree; and the court being satisfied from the declarations of the jurors that the jurors could not agree on a verdict, and that it would be useless to require them to further deliberate, it is ordered that the jurors be, and they are hereby, discharged from the further consideration of this case."

Upon the foregoing facts, and an affidavit to the effect that after the jurors retired to deliberate upon their verdict they were absent from the jury room for one hour for luncheon, attended by an officer of the court, the defendants ask to be discharged. In support of this motion counsel for defendants insist that the jurors were not given a reasonable time for deliberation, and were discharged without any necessary or reasonable cause therefor, and, such being the fact, it is argued that to again place the defendants upon trial would be in violation of rights secured to them by the fifth amendment of the Constitution of the United States, which declares that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The question thus presented is one which the court

¶ 1. See Criminal Law, vol. 14, Cent. Dig. §§ 344, 2072, 2073.

may properly determine upon the motion of defendants for their discharge. United States v. Haskell, 14 Wash. C. C. 402, Fed. Cas. No. 15,321; People v. Goodwin, 18 Johns. 187, 9 Am. Dec. 203.

The contention of defendants that the jury was discharged without any legal necessity therefor is not sustained by the record, which shows that such discharge was ordered by the court because of the inability of the jurors to agree upon a verdict. The discharge of the jury for such a cause is not, in judgment of law, equivalent to an acquittal, and when a defendant is subsequently placed upon trial before another jury for the same offense he is not thereby "twice put in jeopardy, within the meaning of the fifth amendment to the Constitution of the United States." Thompson v. United States, 155 U. S. 271, 15 Sup. Ct. 73, 39 L. Ed. 146; Logan v. United States, 144 U. S. 263, 298, 12 Sup. Ct. 617, 36 L. Ed. 429. In the case of United States v. Perez, reported in 27 Fed. Cas. 504, Fed. Cas. No. 16,033, it appears that the defendants had theretofore been placed upon trial before a jury upon a charge of piracy. The jurors, after deliberating four hours, informed the court that there was no prospect of an agreement, and were then discharged without the rendition of a verdict. The defendant thereupon moved to be discharged on the ground that the jury had been improperly discharged by the court. The Circuit Justice (Thompson) was of the opinion that the motion should be denied, and in giving his reasons therefor said:

"The court had power to discharge the jury in criminal cases, and that it rested in the sound discretion of the court, under all the circumstances of the case. * * * In this case the jury had been out near four hours—a length of time amply sufficient to agree upon their verdict, if they could. This was a plain question of fact for them to decide. There was no intricate question of law in the case. A longer time ought to be afforded to the jury, where a case involved a great number of facts and points of law. It depended more upon the nature of the case than upon any settled rule that could be laid down for the discharge of the jury."

But, as the judges were divided in opinion, the question was certified to the Supreme Court for its decision, and in giving its opinion the court, by Mr. Justice Story, said:

"We are of opinion that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put upon his defense. We think that in all cases of this nature the law has invested courts of justice with the authority to discharge a jury from giving any verdict whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject, and it is impossible to define all the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes, and in capital cases especially courts should be extremely careful how they interfere with any of the chances of life in favor of the prisoner. But, after all, they have the right to order the discharge, and the security which the public have for the faithful, sound, and conscientious exercise of this discretion rests, in this as in other cases, upon the responsibility of the judges, under their oaths of office." U. S. v. Perez, 9 Wheat. 579, 6 L. Ed. 165.

These views are conclusive upon the question presented by the present motion; but in closing this opinion it is not improper to add that

in this case the discharge of the jury was not arbitrary or capricious. The conclusion of the court that there was a necessity for such action because of the inability of the jury to agree was based upon legal evidence; that is to say, the declarations of the jurors to that effect, made in open court, considered in connection with the length of time they had deliberated, and the nature of the evidence before them. The declarations of jurors, while not conclusive, are proper evidence for the consideration of the court in determining whether there is any reasonable probability that longer deliberation would result in a verdict. People v. Harding, 53 Mich. 481, 18 N. W. 555, 19 N. W. 155, 51 Am. Rep. 95; State v. Haber (Kan. Sup.) 59 Pac. 1080, 48 L. R. A. 254. The length of time which is sufficient for proper deliberation upon the part of the jury must, from the necessity of the case, rest in the discretion of the court—a discretion to be exercised in view of all the circumstances of the particular case; and it has been held that, when the court has discharged the jury for inability to agree, no exception to its action "can be sustained on the ground that it was sooner than it ought to have been." Commonwealth v. Townsend, 5 Allen, 216; People v. Green, 13 Wend. 55; People v. Harding, 53 Mich. 48, 481, 16 N. W. 555, 19 N. W. 155, 51 Am. Rep. 95. In the last case it was said by Cooley, C. J.:

"There is no doubt the report of the jury that they cannot agree is the proper evidence upon which the judge should act in determining upon the impossibility of their reaching a verdict. But he may not be satisfied with their first report, and has a right to keep them together for further consultation as long as, in his opinion, there is reasonable ground for believing they may finally agree. The whole subject, however, is referred to his judgment, and when he decides no one can question his conclusion."

The motion to discharge is denied.