|136    693|
:s143   105|

PEOPLE *v.* GARDNER.

1. CONSTITUTIONAL LAW—JURY COMMISSION—EQUAL PROTECTION OF LAWS.

Act No. 204, Pub. Acts 1893, providing for a board of jury commissioners for Wayne county, to be appointed by the governor of the State, authorized to select and return the lists of petit jurors for service in the courts of record in said county, does not conflict with the fourteenth amendment to the Federal Constitution, providing that no State shall deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

2. COURTS—JURY AS JUDGES OF LAW AND FACTS.

>    The jury in the recorder's court of Detroit, in a trial for the violation of an ordinance, are not judges of both the law and the facts.

3. CONSTITUTIONAL LAW—MUNICIPAL ORDINANCES—DISPOSITION OF GARBAGE—PROPERTY RIGHTS—NUISANCES.

>    An ordinance requiring occupants of dwellings and hotels to place in garbage boxes the refuse of animal, fruit, or vegetable matter from their tables, whence it shall be removed by a person under contract with the city, and prohibiting all other persons from carrying or transporting such garbage through the streets, is not invalid on the ground that it takes private property without compensation.

*Certiorari* to recorder's court of Detroit; Murphy, J. Submitted February 24, 1904. (Docket No. 101.) Decided June 25, 1904.

James Gardner was convicted of violating a municipal ordinance relative to the disposition of garbage. Affirmed.

*Clark, Jones & Bryant* (*Fred A. Baker*, of counsel), for appellant.

*T. E. Tarsney* and *Corliss, Andrus, Leete & Joslyn*, for the people.

MONTGOMERY, J. The defendant was convicted of a violation of an ordinance of the city of Detroit relative to the disposition of garbage. The ordinance requires all occupants of dwellings, hotels, etc., to provide suitable water-tight boxes in which all garbage and refuse matter shall be placed, provides that the city may enter into a contract for the disposition of such garbage, makes it the duty of such contractor to remove all garbage in accordance with certain expressed regulations, and prohibits all others from carrying or transporting such garbage through the streets. The ordinance defines "garbage" as the refuse of animal, fruit, or vegetable matter that attends the preparation, use, cooking, dealing in, or storing of meat, fish, fowl, fruit, or vegetables, including dead animals and

condemned foods found within the city. The defendant does not deny having gathered and transported the refuse from the tables of hotels, which refuse answers the description contained in the ordinance, but shows that he was acting for the purchaser of such material, who bought the same from the hotel proprietors; that such refuse had a money value as food for swine; and contends that the ordinance in question is not only unreasonable, but unconstitutional, as an attempt to take private property without compensation. The trial judge declared the ordinance valid, and, as the facts were not in dispute, directed a verdict of guilty. Defendant brings the case here for review on questions of law.

A challenge to the array of jurors was made, on the ground that the act creating the board of jury commissioners of Wayne county is in conflict with the fourteenth amendment to the Federal Constitution. This law was held constitutional in *People* v. *Harding,* 53. Mich. 48, 481 (18 N. W. 555, 19 N. W. 155, 51 Am. Rep. 95), and, while the objection that the provisions of the statute violate the fourteenth amendment was not there made, yet the reasoning in the case goes far towards answering that contention as it is now made. We are agreed that the contention cannot be sustained.

It was also contended that the jury in this class of cases are judges of both the law and facts, and that the recorder, in instructing the jury as to the law, invaded the province of the jury. It is not claimed that any provision of statute can be pointed out which gives the jury in the recorder's court such power, but the reasoning is that, as in ordinance cases tried before the police justices the jury are judges of the law and facts, it is to be inferred that the legislature, in conferring jurisdiction upon the recorder's court to try such cases, must have intended that it would be attended by the same incidents. And, if the statute is to have any other construction, the fourteenth amendment is again invoked. The contention does not commend itself to us as sound. It would be equally logi-

cal to say that as, in trials before a justice of the peace, the jury determine both the law and facts, the same practice should obtain on appeal, or in all cases in which the circuit and justices' courts have concurrent jurisdiction.

The defendant attacks the validity of the ordinance as it relates to garbage or refuse from the tables of hotels. Similar ordinances have been before the court, and sustained, in *People* v. *Gordon*, 81 Mich. 306 (45 N. W. 658, 21 Am. St. Rep. 524), and *City of Grand Rapids* v. *De Vries*, 123 Mich. 570 (82 N. W. 269). In these cases the question of whether there is a property right in refuse was not raised in the form in which it is here presented, although in the case last cited it was quite plainly implied that the common council, in the exercise of the police power, had the right to treat as a nuisance all such refuse as is unfit for human food. The court may well take judicial notice that table refuse, when dumped into receptacles kept for that purpose, will speedily ferment and emit noisome odors calculated to affect the public health. If, in providing against such a nuisance, the owner of such material suffers some slight loss, the inconvenience or loss is presumed to be compensated in the common benefit secured by regulation. Horr & B. Mun. Pol. Ord. § 220. The precise question involved in the present case was considered in the well-reasoned opinion of Judge Shepard in *Dupont* v. *District of Columbia*, 20 App. Cas. (D. C.) 477, and the conclusion reached fully sustains the holding of the trial judge. See, also, *State* v. *Orr*, 68 Conn. 101 (35 Atl. 770, 34 L. R. A. 279). The court in *Dupont's Case* distinguished between garbage and dead animals, and by so doing distinguished some of the cases cited by defendant's counsel, which hold that it is not competent to declare a dead animal to be a nuisance immediately after death. The reasoning in *Dupont's Case* commends itself to us, and we are disposed to follow it.

Judgment is affirmed.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., did not sit.