## THE STATE OF KANSAS V. H. B. WHITE.

No. 14,294.   (80 Pac. 589.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Kept for One's Own Use.* It is not an offense under the laws of this state for a person not authorized to sell intoxicating liquors to keep them for his own use, but such a person cannot keep such liquors except in a dwelling-house not used in connection with a place of business without making out a *prima facie* case that they are kept for unlawful purposes.

2. CRIMINAL PROCEDURE—*Plea of Former Jeopardy.* Ordinarily former jeopardy must be pleaded in bar of further prosecution, and such plea must be interposed upon arraignment, before pleading to the merits. If, however, upon a second trial of the same action it be claimed that the accused was put in jeopardy by the first proceeding, and the record itself discloses all the facts, they need not be pleaded anew, nor proved *aliunde.* Upon the question's being raised the court will take cognizance of such facts from the record, and determine their proper legal effect as if upon demurrer to a plea reciting them.

3. —— *Privilege May be Waived.* The immunity from second jeopardy granted by the constitution to one who is accused of crime is a personal privilege which he may waive.

4. —— *Privilege Held Waived.* If a person about to be placed in jeopardy a second time do not, in some legal form, insist upon his constitutional privilege before entering upon a trial of the merits, the privilege is waived.

5. PRACTICE, DISTRICT COURT—*Disagreement of Jury—Jurisdiction.* The court does not, after a disagreement of the jury in a criminal case, lose jurisdiction to proceed with a second trial because the record of the prior proceedings contains facts sufficient to establish former jeopardy.

Appeal from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed April 8, 1905. Affirmed.

*C. C. Coleman,* attorney-general, *C. C. Hoge,* county attorney, and *J. P. Hindman,* for The State.

*C. L. Randall, H. L. Burgess,* and *Keplinger & Trickett,* for appellant.

The opinion of the court was delivered by

BURCH, J.: Appellant was convicted of maintaining a liquor nuisance. When he was arrested his place of business, a general-merchandise store, was searched and a large quantity of whisky was found there in a locked box. He had no permit to sell intoxicating liquors. On the trial he claimed the liquor found was kept for his own use. Instructions to the effect that he had the right to keep intoxicating liquors at his place of business for his own use were refused in the terms in which they were couched, and the court instructed the jury as follows:

"In prosecutions for maintaining common nuisances, such as charged in the eleventh count in the information in this case, it is by law provided that the finding of intoxicating liquors in the possession of any one not legally authorized to sell the same, except in a private dwelling-house, not used in connection with a place of business, shall be *prima facie* evidence that such liquors are kept for sale or use in violation of law.

"It is not an offense, under the law of Kansas, for a person to keep intoxicating liquors for his own use, and a person may lawfully keep intoxicating liquors for his own use at his dwelling-house, and not raise any presumption against his lawful possession of the same."

This was sufficient. The defendant was not prosecuted for keeping liquor at his store for his own use. His right to keep liquor anywhere for his own use was stated in the broadest possible manner in the first sentence of the last instruction quoted; but he cannot keep intoxicating liquor except in a dwelling-house not used in connection with a place of business without making a *prima facie* case that such liquors are kept for unlawful purposes, provided, of course, he is not legally authorized to sell. The meaning and effect of *prima facie* evidence was correctly stated by

the court. (*Railway Co. v. Geiser,* 68 Kan. 281, 75 Pac. 68.)

Other errors assigned relating to the giving and refusing of instructions were not such as to affect the substantial rights of the appellant, and hence must be disregarded under the statute. (Gen. Stat. 1901, §5731.) The evidence was sufficient to support the verdict.

The defendant was convicted on a second trial, which was rendered necessary by the disagreement of the first jury. The record relating to the discharge of the first jury reads as follows:

"The jury in this case having been out deliberating about forty hours, and not having arrived at a verdict, and not having reported, said jury are now by the court brought into open court, and are called, and, all being present, the court asks the jury if a verdict can be reached in this case, and the jury say 'No.'

"Thereupon the jury are discharged from the further consideration of this cause, to which ruling of this court in discharging the jury at this time the defendant at the time duly excepted, and still excepts."

Appellant offered no objection whatever to the second trial, nor to any of the proceedings upon the second trial, nor to the judgment finally rendered against him, based upon the discharge of the first jury, and the question of the legality of the conduct of the court in that respect is raised for the first time in this appeal. In the brief it is said:

"The judgment and sentence were utterly void. The trial court was without jurisdiction to try this defendant, when he had been formerly acquitted of the same crime. The judgment and sentence were beyond the jurisdiction of the court, and in direct opposition to an express provision of the constitution of this state."

Ordinarily former jeopardy must be pleaded in bar of further prosecution, and such plea must be interposed upon arraignment before pleading to the merits.

If, however, upon a second trial of the same action it be claimed the accused was put in jeopardy by the first proceeding, and the record itself discloses all the facts, they need not be pleaded anew, nor proved *aliunde*. Upon the question of former jeopardy being raised, the court will take cognizance of such facts from the record, and determine their proper legal effect as if upon demurrer to a plea reciting them. In some states a plea must always be filed. This rule, however, involves the criminal procedure in numerous technicalities which seem to place more stress upon form than upon substance. In other states special statutory regulations are controlling. The right to be protected is created by the constitution, and should not be hedged about by artificial restrictions. The rule announced above is consonant with the general provisions of the code of criminal procedure of this state, and meets all the requirements of substantial justice as between the state and the accused. It is likewise supported by authority.

"The purpose of a plea is to tender an issue upon some fact not already in the case, that proof may be taken in respect to it if the issue is accepted. If the fact is already in the case, the plea is idle; and it becomes an absurdity when the fact is not only established by the record of the court in the very case in which the plea is tendered, but so conclusively established that no averment to the contrary could be listened to or received. And such was the case here. The proceedings on the former trials were recited in the record, as much at large as they were or could be in the pleas, and the respondent was entitled to all the benefits which the law could give him, the facts so appearing." (*People v. Harding,* 53 Mich. 481, 484, 19 N. W. 155, 156, 51 Am. St. Rep. 95.)

(See, also, *Woodward v. The State,* 42 Tex. Cr. Rep. 188, 58 S. W. 135; *Peters v. United States,* 94 Fed. 127, 36 C. C. A. 105; *People v. Taylor,* 117 Mich. 583, 76 N. W. 91; *George v. State,* 59 Neb. 163, 80 N. W. 486.)

The immunity from second jeopardy granted by the constitution is, however, a personal privilege which the accused may waive. (*The State v. McCord,* 8 Kan. 232, 243, 12 Am. Rep. 469; *The State v. Rust,* 31 id. 509, 3 Pac. 428; *The State v. Hart,* 33 id. 218, 6 Pac. 288; *The State v. Terreso,* 56 id. 126, 42 Pac. 354; *The State v. Morrison,* 67 id. 144, 72 Pac. 554.) Under all the authorities such a waiver may be express or may be implied, and in fact generally it is implied. (17 A. & E. Encycl. of L. 605.)

When about to be placed in jeopardy before a second jury the accused may, if he so desire, take the chances of a favorable verdict. Should he choose so to do no one can gainsay him; but it is his duty to make his election then. If it be his purpose to rely upon his right to bar further proceedings he should then so declare. He cannot hazard a trial and when defeated revert to a matter which would have prevented a trial. Failing to interpose an objection to entering upon a second trial, he must be held to have waived the right to do so and must abide the result that he invited. (*The State v. Durein,* 70 Kan. 1, 78 Pac. 152.)

"To allow a defendant, as was done in this case, to sit idly by during the progress of his trial, and then upon conviction set up, upon motion in arrest of judgment, or for a new trial, a special defense that he could have raised at the very inception of the trial, would be to sanction a practice which might well be termed trifling with the court." (*People v. Bennett,* 114 Cal. 56, 58, 45 Pac. 1013.)

But it is said that under the authority of *Hans Nielsen, Petitioner,* 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed. 118, the district court had no jurisdiction to enter upon the second trial with the record of the first trial in the same case before it. Whatever may be the correct interpretation of the decision referred to, the district court did not lose jurisdiction of the appellant in this case. The record of the first trial disclosed cer-

tain facts the legal effect of which the district court had full jurisdiction to declare. Before the second trial the appellant might have challenged a decision of the question whether such facts were sufficient to make out a case of former jeopardy. The district court then would have been compelled to make a judicial determination of the question of law thus raised. It might have discharged the appellant, or it might have held him for trial. What its decision should have been if appellant had taken the course indicated is at least debatable, and this court now expresses no opinion upon the point. But the district court was not limited to jurisdiction to decide in appellant's favor. It would not have lost jurisdiction by deciding against him. Its judgment would not have been void even though it had been erroneous. And the fact that a constitutional right was involved would not have affected the question of jurisdiction. (*Clevinger v. Figley,* 68 Kan. 699, 75 Pac. 1001.) This being true, whether or not appellant invoked a ruling is immaterial, and the district court retained jurisdiction over him until final judgment was pronounced.

The record being free from material error, the judgment of the district court is affirmed.

All the Justices concurring.