## H. W. JACKSON v. STATE.

No. A-2167. Opinion Filed May 22, 1915.

1. **FORMER JEOPARDY—Necessity to Plead—Cognizance of Record.** Special pleas of former acquittal or conviction, as are provided for by statute, are allowable and in most instances required in subsequent prosecutions for an offense which has before been tried in some other tribunal, or in the same court under another and distinct proceeding from the case in which the plea of jeopardy is interposed, and where such a plea is essential in order to present before the court matters dehors the record then before the court. However, such special plea is unnecessary and not required when the record then within the judicial knowledge of the court presents all the facts concerning the prior trial and its results. Upon the question being raised, the court will take cognizance of such facts from the record, and determine their proper legal effect as if upon a demurrer to a plea reciting them.

2. **SAME—Informations—Same Offense—Test.** On a plea of former acquittal, in determining whether the two informations charge the same offense, the test is whether the evidence necessary to support the second information would have been sufficient to procure a conviction upon the first information.

3.  **INTOXICATING LIQUORS—Conveyance and Possession—Former Jeopardy.** Having been previously tried in the same court for unlawfully conveying certain intoxicating liquors and acquitted of that charge, the defendant was tried and convicted on the charge that he did unlawfully have in his possession the same intoxicating liquors with the intent to sell the same. An essential ingredient of both offenses charged is the unlawful possession of intoxicating liquors; the two informations alleged the same date and have reference to the same intoxicating liquors, and while the offenses charged are not necessarily the same, they are of the same nature and kind. An acquittal under the first information was a finding that the defendant did not have possession of the liquors in question, and he should not be again put in jeopardy for that of which he has been acquitted.

4.  **FORMER JEOPARDY—Waiver—Time to Plead.** The constitutional privilege of immunity from a second prosecution is not waived if at any time before the jury has been empaneled to try the case the defendant interposes a plea of former acquittal or conviction; and where, as in the instant case, the facts are all before the court as a part of its own record of the case, and the objection of former jeopardy raises only a question of law, the constitutional right will not be considered as waived where the defendant, upon the reading of the information to the jury and before the taking of any testimony, interposes a plea of former acquittal.

(Syllabus by the Court.)

*Appeal from County Court, Lincoln County;*
*H. M. Jarrett, Judge.*

H. W. Jackson was convicted of a violation of the prohibitory law, and appeals. Reversed.

*F. A. Rittenhouse,* for plaintiff in error.

*Chas. West,* Atty. Gen., *C. J. Davenport,* Asst. Atty. Gen., and *Streeter Speakman,* Co. Atty., for the State.

DOYLE, P. J. On information filed in the county court of Lincoln county, charging that on the 7th day of August, 1913, he did unlawfully have in his possession certain intoxicating liquors, to wit, four barrels of whisky and one barrel of beer, with the intention then and there of him, the said H. W. Jackson, of bartering, selling, and giving away the same, the plaintiff in error was convicted, and on the 18th day of November, 1913, was sentenced to be confined in the county jail for 60 days, and that he pay a fine of $150. From this judgment he appeals.

Upon arraignment the defendant entered a plea of not guilty. After the jury had been empaneled he interposed a special plea that he had been tried and acquitted of the same charge in that court, in case No. 1137, and in support of the plea of former acquittal introduced the record and judgment of acquittal in said cause. The information in cause No. 1137 charged that on the 7th day of August, 1913, H. W. Jackson did then and there unlawfully carry and convey four barrels of whisky and one barrel of beer from the city jail in the town of Prague to another place unknown, and the record of the judgment rendered on the 18th day of October, 1913, is in part as follows:

"And thereupon the state introduces its evidence and rests, and thereupon the defendant demurs to the evidence introduced by the state and on consideration thereof the court finds that said demurrer should be and the same is hereby sustained, and thereupon upon motion of the defendant, the defendant is discharged and the jury discharged from a further consideration of said cause, and thereupon the county attorney asks the court to hold the defendant until he can prepare an information charging the defendant with having possession of liquor with intent to sell the same."

The court of its own motion overruled this plea. Counsel for the defendant contends:

"That the information in the case at bar charges the same offense as the information in cause No. 1137 and has reference to the same four barrels of whisky and one barrel of beer, and both informations charge the same day and the same year, and that the defendant's acquittal in the former cause was a bar to the prosecution in this case."

Section 21, Const., Bill of Rights, declares:

"Nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life and liberty for the same offense."

Our Procedure Criminal provides:

"No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted, except as hereinafter provided for new trials." (Section 5547, Rev. Laws 1910.)

"When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information." (Section 5809, Rev. Laws 1910.)

An essential ingredient of both offenses charged is the unlawful possession of intoxicating liquors. Unlawful possession with intent to convey, sell, or otherwise dispose of such liquors being the material facts in issue on the first trial, and determined in the defendant's favor by his acquittal, he should not be again put in jeopardy for that of which he has been acquitted. A series of criminal charges cannot, under our system of jurisprudence, be based upon the same criminal act or transaction. If the state elects through its authorized officers to prosecute an offense in one of its phases or aspects and upon his trial the defendant is acquitted, it cannot afterwards prosecute the same criminal act under color of another name.

In the case of *Estep v. State, ante,* 143 Pac. 64, it is said:

"Jeopardy on one information will bar a second whenever the proof shows the second case to be the same criminal act or transaction. To give our constitutional provision the force evidently intended by the language used, and to render it effectual, the decisive test is whether the same testimony will support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to the one information will equally sustain the other. The constitutional guaranty of immunity from a second prosecution is, in its nature, a restriction on the courts, and constitutional provisions for the security of the personal rights of the citizen should be liberally construed."

A plea of former acquittal is sufficient whenever it shows on its face that the second information is based upon the same criminal act or transaction. In determining whether there has been former jeopardy, the court is to look at the language of the first information, and if, under that information, the offense for which conviction is sought in the second prosecution might have been punished, then the defendant has been in jeopardy.

The true test to make the plea a bar is whether the evidence necessary to support the second information would have been sufficient to procure a legal conviction on the first. The two informations allege the same date and have reference to the same intoxicating liquors, and while the offenses charged are not necessarily the same, they are of the same nature and kind. The acquittal under the first information was a finding that the defendant did not have possession of the liquors in question, and this finding was conclusive. Applying the test stated, would proof of the facts alleged in the second information have warranted a legal conviction on the first information? It is obvious that the question admits of only an affirmative answer.

It is contended by the state that the plea of former acquittal was not filed at the proper time and in due order of pleading, and for this reason it was properly overruled. Citing *Sims v. State*, 9 Okla. Cr. 561; *Petiti v. State*, 3 Okla. Cr. 587.

We think that the rule announced in the cases cited has no application to the question here presented. In one of these cases the question was raised for the first time after conviction, and in the other the question was raised for the first time in this court.

Ordinarily former jeopardy must be pleaded in bar of a further prosecution, and such plea should be interposed upon arraignment by specially pleading a former judgment of conviction or acquittal of the offense charged, either with or without the plea of not guilty. Section 5800, Rev. Laws 1910.

In the instant case it appears that when the judgment of acquittal was entered on the first trial, the court ordered the defendant to be held for one day to enable the county attorney to file the second information, and the record itself discloses the facts raised by the objection of former jeopardy and plea of former acquittal. For this reason the court was bound to take cognizance of all its proceedings in the premises.

In *Robinson v. State*, 21 Tex. Cr. R. 160, it is said:

"Special pleas of former acquittal or conviction, as are provided for by statute, are pleas allowable, and in most instances required, in subsequent prosecutions separately instituted for an offense which has before been tried in some other tribunal, or

in the same court under another and distinct proceeding from the case in which the pleas are interposed, and where they are essential in order to present before the court matters *dehors* the record before the court.   Such pleas are unnecessary, and are not required in the same tribunal where the record then before, or within the judicial knowledge of the court, presents al the facts concerning the former trial and its result.   In such case the court is bound to take cognizance of the facts; they are a part and parcel of the case before the court, and the defendant is not required to plead them."   ·

In *State v. White,* 71 Kan. 356, 6 Ann. Cas. 132, it is said:

"Ordinarily former jeopardy must be pleaded in bar of further prosecution, and such plea must be interposed upon arraignment before pleading to the merits.   If, however, upon a second trial of the same action, it be claimed the accused was put in jeopardy by the first proceeding, and the record itself discloses all the facts, they need not be pleaded anew, nor proved *aliunde.*   Upon the question of former jeopardy being raised, the court will take cognizance of such facts from the record, and determine their proper legal effect as if upon demurrer to a plea reciting them.   In some states a plea must always be filed.   This rule, however, involves the criminal procedure in numerous technicalities which seem to place more stress upon form than upon substance.   In other states special statutory regulations are controlling.   The right to be protected is created by the Constitution, and should not be hedged about by artificial restrictions.   The rule announced above is consonant with the general provisions of the Code of Criminal Procedure of this state, and meets all the requirements of substantial justice as between the state and the accused.   It is likewise supported by authority.

" 'The purpose of a plea is to tender an issue upon some fact not already in the case, that proof may be taken in respect to it if the issue is accepted.   If the fact is already in the case, the plea is idle; and it becomes an absurdity when the fact is not only established by the record of the court in the very case in which the plea is tendered, but so conclusively established that no averment to the contrary could be listened to or received. And such was the case here.   The proceedings on the former trials were recited in the record, as much at large as they were or could be in the pleas, and the respondent was entitled to all the benefits which the law could give him, the facts so ap-

pearing.' (*People v. Harding*, 53 Mich. 481, 484, 19 N. W. Rep. 155, 156, 53 Mich. 48, 18 N. W. Rep. 555.)

"See, also, *Woodward v. State*, 42 Tex. Crim. 188, 58 S. W. Rep. 135; *Peters v. U. S.*, 94 Fed. Rep. 127, 36 C. C. A. 105; *People v. Taylor*, 117 Mich. 583, 76 N. W. Rep. 158; *George v State*, 59 Neb. 163, 80 N. W. Rep. 486."

In our opinion the constitutional privilege of immunity from a second prosecution is not waived if at any time before the jury has been empaneled to try the case the defendant interposes a plea of former conviction or acquittal, and where, as in the case at bar, the facts are all before the court as a part of its own record of the case and the objection of former jeopardy raises only a question of law, the constitutional right will not be considered as waived where the defendant, upon the reading of the information to the jury and before the taking of any testimony, interposes a plea of former acquittal. It follows that the court erred in overruling the plea of former acquittal. The judgment is therefore reversed and the cause remanded with direction to dismiss.

FURMAN and ARMSTRONG, JJ., concur.