## MATT LOWRY v. STATE.

No. A-194. Opinion Filed March 7, 1911.

(113 Pac. 992.)

1. **INTOXICATING LIQUORS—Possession of Whisky—Evidence.** When a person is charged with having whisky in his possession for the unlawful purpose of selling same, the proof should conform to the charge.

2. **INTOXICATING LIQUORS—Possession—Evidence — Sufficiency.** Proof held to be insufficient to sustain the prosecution for having unlawful possession of whisky for the purpose of sale, but sufficient to sustain a charge for the unlawful sale thereof.

(Syllabus by the Court.)

*Appeal from Kiowa County Court; J. W. Mansell, Judge.*

Matt Lowry was convicted of having liquor in his possession, and brings error. Reversed and remanded.

*Thos. W. Conner,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. The appellant, Matt Lowry, was convicted on the 12th day of November, 1908, in the county court of Kiowa county, on a charge of having liquor in his possession for the unlawful purpose of selling the same. He filed motions for new trial and in arrest of judgment, both of which were overruled, and he excepted.

The record in this case shows that the appellant sold whisky in small quantities to three different persons, on three different dates, each time selling all that the proof showed he had; but there is nothing in the record to show whether he had any quantity of whisky in his possession, other than that which witnesses say they purchased from him, and there is nothing to show whether he procured that from other persons or from a supply in his possession. Proof of sales of intoxicating liquor are sufficient to convict a person on a charge of selling whisky; but proof of sales, standing alone, is not sufficient to sustain a verdict for having unlawful possession of whisky for the purpose of sale. When it is shown that all defendant had was sold, the unlawful possession in such cases is merged into the sale.

The appellant in this case should have been prosecuted for selling whisky in three different cases. The proof in the record is wholly insufficient to sustain this charge. The court below should have arrested the judgment, and permitted the county attorney to proceed against the appellant for selling intoxicating liquor, rather than for having unlawful possession of same.

The judgment is reversed, and the case remanded, with directions to the court below to sustain the motion in arrest of judgment and permit the county attorney to proceed against the appellant for the unlawful sale of whisky.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.