## AMOS ANDERSON *et al.* v. STATE.

No. A-1220.    Opinion Filed June 15, 1912.

(124 Pac. 86.)

1. **INDICTMENT AND INFORMATION** — Violation of Prohibitory Law—**Duplicity.** An information charging the defendant with the unlawful possession of intoxicating liquors with intent to sell the same. and also the unlawful intent to convey the same from one place in the state to another place in the state, is not bad for duplicity.

2. **INTOXICATING LIQUORS—Intent to Sell Illegally—Information.** An information which charges the defendant with unlawfully having in his possession prohibited liquors for the purpose of violating the provisions of the prohibitory liquor law of the state is sufficient, whether it charges the intent to violate any one or all of the provisions of said law.

3. **APPEAL—Erroneous Instruction—Necessity of Exception.** An erroneous instruction, unless fundamentally wrong, will not be ground for reversal, unless excepted to at the time of trial as directed by law.

4. **TRIAL—Arguments of Counsel—Reputation of Witness.** Where a witness in a case has been convicted of bootlegging, it is right and proper for the county attorney in his argument to comment upon this as affecting the credibility of such witness.

(Syllabus by the Court.)

*Appeal from Washita County Court;*
*T. R. Sheen, Judge.*

Amos Anderson and W. P. Scott were convicted of violating the prohibitory law, and appeal. Affirmed.

*Jones & Bashore,* for appellants.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.    The information in this case charged that appellants had in their possession certain prohibited liquors with the intent to sell the same, and also charged that said liquor was held for the purpose of unlawfully conveying the same from one place in the state, unknown to informant, to another place therein.

It is claimed that the information is bad for duplicity, in that it charges two separate and distinct offenses. We do not agree with this contention. If appellants had the liquor in their possession with the intent of violating all of the provisions of the prohibitory liquor law, such possession would constitute but one offense.

An information which charges a defendant with unlawfully having in his possession prohibited liquor for the purpose of violating the prohibitory liquor law is sufficient; and, under such an information, the state can prove that the defendant intended to violate any one or all of such provisions, and such possession will constitute but one offense. See, *Childs v. State,* 4 Okla. Cr. 474, 113 Pac. 545, 33 L. R. A. (N. S.) 563. The trial court, therefore, did not err in overruling the motion to quash the information upon this ground.

In this case appellants were found with the possession of beer on the public road in Washita county. Appellants claim that they could not be convicted for having such beer in their possession for the purpose of conveying it, but that they should have been prosecuted for conveying such beer, and they rely upon the case of *Matt Lowry v. State,* 5 Okla. Cr. 187, 113 Pac. 992, to sustain their contention. In that case the defendant was charged with having in his possession liquor for the purpose of selling the same. The proof showed that he made separate sales of whisky to different persons on different dates, each time delivering to such persons all the whisky he had in his possession. This court reversed that conviction because the testimony showed three separate and distinct offenses. In this case, however, the evidence only shows one offense. Appellants were found in the possession of beer on the public highway. This establishes the fact that they had such beer in their possession for the purpose of conveying the same. This testimony made out a *prima facie*

case against appellants. If they were lawfully in possession of such beer and intended to lawfully convey it from one place in the state to another place therein, the burden was upon them to introduce testimony sustaining this defense, and their failure to do this shows that they were properly convicted by the jury.

Counsel for appellants reserved many objections to the instructions of the court. We have carefully read these instructions, and find them to be substantially correct, with a single exception, and this exception does not involve any fundamental error, and was not excepted to by counsel for appellants upon the trial. We therefore cannot consider it now. Where charges are erroneous, this court will not reverse a conviction thereon unless the error is fundamental, or unless proper exceptions are reserved thereto.

Exception is also reserved to the remarks of the county attorney made in his closing argument with reference to the weight to be given the testimony of a convicted bootlegger. We think that the remarks of the county attorney are in harmony with the opinions heretofore rendered by this court. We reiterate what we said in the case of *Hendrix v. State,* 4 Okla. Cr. 611, 113 Pac. 244, as follows:

"The illegal sale of intoxicating liquor, wrongfully and deliberately committed, is an immoral, degrading, and degraded act, and is committed only by the lawless and unreliable classes of our population. It is a matter of common notoriety that in nine cases out of ten the 'bootlegger' will not only not hesitate to commit perjury in his own behalf, but also he expects every man to whom he vends his stuff to commit perjury for him, should the occasion arise. The unlawful sale of intoxicating liquor involves moral turpitude, and shows a want of moral character."

See, also, *Crawford v. Ferguson,* 5 Okla. Cr. 377, 115 Pac. 278.

We think that these appellants are guilty under the evidence. In fact, we do not see how the jury could have arrived at any other conclusion. The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.