### JOE RATLIFF v. STATE.

No. A-1153.   Opinion Filed June 15, 1912.
Appeal from Ellis County Court;
A. L. Squire, Judge.

Joe Ratliff was convicted of violating the prohibitory law, and appeals.: Reversed and remanded.

Perry J. Morris and Charles Swindall, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM. Plaintiff in error, Joe Ratliff, was convicted in the county court of Ellis county at the January, 1911, term of the Shattuck division, on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of five hundred dollars and imprisonment in the county jail for a period of one hundred twenty days. The proof in this case shows that the accused received certain shipments of intoxicating liquors at the railroad station at Shattuck. It does not clearly show that he received this particular shipment. There is no evidence of any kind tending to show that the accused ever sold any of the liquor in question, or any other liquor, or ever offered to sell any to any one; and under the repeated holdings of this court, the conviction in this case was against the testimony. As a matter of law, there is no testimony upon which this conviction can stand. In Brooks Andrews v. State, 6 Okla. Cr. 619, this court said:

"The only proof in this record upon which the conviction is based is that the defendant had possession of certain intoxicating liquor. This court has held that the possession of an unusual quantity of intoxicating liquors is a circumstance that may be considered together with other competent evidence in the trial of a person charged with the offense of having the unlawful possession of intoxicating liquor for the purpose of sale. But the mere possession of such whisky without any other proof of any kind is not sufficient to sustain a conviction."

See, also, Johnson v. State, 5 Okla. Cr. 128; Lowry v. State, 5 Okla. Cr. 187; Ridley v. State, 5 Okla. Cr. 522.

County attorneys and trial courts should not force the taxpayers of their counties to the expense of trying cases of this kind unless they can come within the rules of the law. Vigilance and enforcement of the law is always to be commended. But this court has decided this question so often that there is no excuse for appeals involving this proposition to be brought here again, until further legislative action, at any rate. The judgment is reversed, and the cause remanded with directions to grant a new trial.