# T. E. SIMS v. STATE.

No. A-1600.   Opinion Filed June 7, 1913.

(132 Pac. 508.)

APPEAL—Former Jeopardy. The plea of former jeopardy cannot be considered by the appellate court, unless it is presented in the lower court in the manner prescribed by statute.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

T. E. Sims was convicted of a sale of intoxicating liquor, and appeals. Affirmed.

See, also, 7 Okla. Cr. 7, 120 Pac. 1032.

*Pruiett, Sniggs & Wilson,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J.   The evidence of the guilt of appellant is clear and uncontradicted.   In fact, no defense was made in the lower court.   When the state was through with its evidence the defendant made the following motion:

"Comes now the defendant and moves the court to direct the jury to return a verdict of not guilty in this case, for the reason that the testimony introduced in the case is the same testimony that was introduced by the same witnesses in the trial of T. E. Sims on the 15th day of May, 1911, in which the defendant was charged with selling whisky to J. S. Douglas, and the same testimony has been introduced in each case."

This motion was by the trial court overruled, to which the defendant excepted.

The plea of former jeopardy cannot be presented in this manner.   Section 5802, Rev. Laws 1910, in mandatory terms directs how this plea shall be presented to the trial court. As the statute was not complied with, there was no issue

on this question before the trial court.. Our jurisdiction is purely appellate, except in certain specified instances. Questions which were not presented to the trial court cannot be considered by this court, unless they are jurisdictional. We therefore cannot consider this matter. We cannot permit a hard case to cause us to disregard the mandatory provisions of the statute. It is the duty of this court to declare the law. The pardoning power is vested in another department of the state government, to which this matter is respectfully referred.

The judgment of the lower court is affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.