## BEN MAY v. STATE.

No. A-2371.   Opinion Filed November 3, 1915.

(152 Pac. 338.)

1.   **APPEAL—Presentation—Requisites.** Errors of law occurring at the trial of a criminal case must be preserved by proper exceptions at the time they occur, and the attention of the trial court called to the same by motion for a new trial, and in addition, the proper assignments of error must be based thereon when the appeal is taken to this court.

2.   **OBJECTION TO INSTRUCTION—Appeal.** An objection to an instruction comes too late when raised for the first time in the appellate court, unless the error is fundamental and clearly prejudicial to the substantial rights of the accused. When proper exception has not been taken, and the trial court's attention has not been called, by motion for a new trial, to the error complained of in this court, the record will be diligently scrutinized with a view of upholding the judgment, if such can be done without violence to the established and accepted rules of law.

3.   **APPEAL — Presentation — Scope of Review.** Only fundamental errors, which deprive an accused of material rights, and which amount practically to a denial of justice, are entitled to consideration in the appellate court when no assignments have been made in the motion for a new trial nor petition in error.

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Ben May was convicted of violating the prohibitory law, and appeals. Affirmed.

*Owen & Stone* and *Sumner J. Lipscomb,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.    The plaintiff in error, Ben May, was convicted at the September, 1914, term of the Superior Court of Muskogee county on a charge of unlawfully conveying intoxicating liquor from one place in Muskogee county to another place therein, and his punishment fixed at a fine of fifty dollars and imprisonment in the county jail for a period of thirty days.

It appears from the testimony that upon the date the offense is charged Ben May was a negro constable of Agency township in Muskogee county; in the early part of August, 1913, he was visiting (according to his testimony) near Braggs, Oklahoma, and found several sacks of whisky on the right-of-way of the St. Louis, Iron Mountain & Southern Railway, at a deep cut near the town of Braggs.    The testimony indicates that the whisky was dropped from a slowly moving freight train and picked up by the plaintiff in error and his brother.    They loaded it into a buggy. The plaintiff in error then drove away towards Muskogee, his brother having stopped at the town of Braggs.    A deputy sheriff and white constable living at Braggs and certain citizens followed plaintiff in error for some distance.    He made an effort to escape them by driving a circuitous route and at a rapid gait, but was finally overtaken.    When accosted by the deputy sheriff, constable and posse, the plaintiff in error told them that he was an officer; that he had captured the whisky and was taking it to Muskogee to deliver it to the high sheriff; that as an officer he had a right so to do.    The state prosecuted upon the theory that plaintiff in error and his brother were the owners of the whisky, and found it by prearrangement, and that plaintiff in error's claim of seizure as an officer was only a subterfuge.    The facts disclosed by the record, viewed from the standpoint of an unbiased observer, conclusively point to this deduction.    The defense offered was of course entitled to fair consideration by the jury, and we are satisfied it received all it was entitled at their hands.    The record indicates that the court below endeavored to accord the plaintiff in error a fair and impartial trial.    There were no exceptions saved to any rulings of the court, nor to any instructions given.

The only error urged by counsel for plaintiff in error in the brief which is founded in merit was that saved for review here. It is based upon the following instruction:

"You are instructed that it is not necessary for the state to prove that the defendant owned the liquor charged in the information, but it is sufficient if he transported it as charged, whether he owned the liquor or not, provided, however, that a constable in the performance of his duty may lawfully transport liquor from a place where the same is captured by him to the county seat for the purpose of delivery to the sheriff and if you find that the defendant was so doing at the time of his arrest you must acquit him."

This instruction fairly states the law as applied to the facts in the record before us, with one exception:—this, to-wit: The court says . . . "if you find that the defendant was so doing at the time of his arrest you must acquit him." The jury did not have to find that the defendant was so doing; if they had a reasonable doubt as to whether or not he was so doing, he was entitled to an acquital. No exception was taken to this instruction, however, at the trial; no complaint was made in the motion for a new trial and no assignment based thereon. It is evident that the inaccuracy was an oversight and resulted in no prejudice. Although the instruction is erroneous in this particular, the error is not such that this court would be warranted in reversing the conviction. In *Williams* v. *The State,* decided at the present term of court, in which case the plaintiff in error was charged with a felony, we said: "Only prejudicial errors raised by exceptions reserved require a new trial, and it is only when we are satisfied that the verdict was contrary to law, or to the evidence, or that injustice has been done, that we are required to reverse a conviction, whether or not an exception has been taken in the trial court."

An objection to an instruction given by the trial court comes too late when raised for the first time in this court, unless fundamental error appears or a substantial right has been denied, to the prejudice of the complainant. The rights of the plaintiff in error must be preserved in the trial court, and be presented first to that court for consideration by motion for a new trial or by proper

exception—and ordinarily both. In fairness to counsel upon the brief, we should say that this case was tried by other counsel, and they were not participants in the trial in the court below. If counsel at the trial had been as zealous in protecting the rights of plaintiff in error in the court below as his counsel has been diligent here, he would probably have had no occasion to appeal.

Finding no error prejudicial to the substantial rights of the plaintiff in error, the judgment is affirmed.

DOYLE, P. J., concurs; FURMAN, J., absent.