## ROY MUNSON v. STATE.

No. A-2471.   Opinion Filed July 2, 1917.

(165 Pac. 1162.)

1.  **APPEAL AND ERROR—Trial Errors—Record.** Alleged errors occurring during the trial must appear from, and be supported by, the record as certified by the trial judge.

2.  **SAME.** Where the record does not support such alleged errors, this court is without authority to decide questions of law involved.

3.  **BURGLARY—Sufficiency of Verdict—Judgment.** The information charged "burglary in the first degree." The jury returned the following verdict, "We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do upon our oaths find the defendant, Roy Munson, guilty as charged in the information and assess his punishment at the minimum of seven years in the state's prison." **Held,** said verdict is sufficiently definite and certain to authorize the trial court to pronounce a judgment of conviction of burglary in the first degree.

4.  **TRIAL—Instructions—Credibility of Witnesses.** The general instruction on the credibility of witnesses is a sufficient rule for the guidance of the jury. Trial courts should adhere to such an instruction to the exclusion of any that may direct the attention of the jury to any particular witness in the case, although the rule laid down be the same as that applicable to all witnesses.

5.  **SAME—Instruction—Weight of Defendant's Testimony.** Where the court in a separate instruction specifically told the jury that it had "no right to disregard the testimony of the defendant from mere caprice or on the ground alone that he is the defendant and is interested in the event of the suit, or that he stands charged with crime, * * * but that his evidence should be weighed and measured in the same manner as the testimony of other witnesses in the case," and in a subsequent instruction the

court lays down the general rule by which the jury may be guided in determining the /credibility of witnesses and the weight to be given their testimony, **held,** that said separate instruction did not amount to an adverse or prejudicial comment upon the defendant's interest in the result of the action, nor was it a comment by the court on the weight to be given defendant's testimony. The instructions. considered together, placed the defendant upon the same plane with the other witnesses.

6.    **APPEAL AND ERROR—Reversal of Conviction—Express Statutory Provision.** This court is not allowed to reverse a judgment of conviction on account of the misdirection of the jury unless after an examination of the entire record it clearly appears that there has been a miscarriage of justice, or that the defendant has been deprived of some constitutional or statutory right. Section 6005, Rev. Laws 1910.

*Error from District Court, Woodward County;*
*James B. Cullison, Judge.*

Roy Munson was convicted of the crime of burglary, and he brings error. Judgment affirmed.

*W. A. Briggs,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.    In view of the fact that certain alleged errors relied upon for reversal of this judgment were not preserved in the trial court, it is proper in this opinion to state that counsel who represented the plaintiff in error in this court did not represent him in the trial court. It is unnecessary to discuss the sufficiency of the evidence to sustain the conviction. While the evidence is conflicting, the testimony of the prosecuting witness, Elsie Derr, is sufficient to make out the crime of burglary in the first degree.

The first alleged error relied upon for a reversal is that the prosecuting attorney made certain prejudicial remarks in the presence and hearing of the jury at the time

the jury returned an incomplete and insufficient verdict. It appears from the record that the jury first returned into court a verdict in the following, form:

"We, the jury, duly impaneled and sworn to try the issues of the above-entitled cause, do upon our oaths find the defendant, Roy Munson, guilty as charged in the information and assess his penalty and punishment at the minimum."

Which verdict was signed by the foreman of the jury and handed to the clerk to read. After it was read it is alleged that a controversy arose as to whether the verdict was sufficient in form, at which time, it is contended by counsel for plaintiff in error, the prosecuting attorney made the remark that he supposed the jury intended to fix the punishment at seven years, which said remarks were excepted to by counsel for plaintiff in error. However, it nowhere appears from the record that any such remarks were made by the prosecuting attorney; the entire record on this subject being as follows:

"The Court: Gentlemen of the jury, the court directs you to return to your jury room and return your verdict so as to make it more definite and certain as to time. You may now follow your bailiff.

"By a Juror: May I speak a word? It will not take us over ten minutes to fix it right, I think.

"The Court: We will wait until you return, gentlemen; we don't care to have any discussion about it."

Therefore it is apparent that if the prosecuting attorney made any such remark as alleged, no record of the same was preserved, and this court is bound by the record as made and certified to by the trial judge. It is the duty of the plaintiff in error, and the burden is upon him to clearly show that error was committed during the trial. Every

presumption is in favor of the regularity of the proceedings in the trial court, and unless prejudicial error is clearly made to appear, where the question is not jurisdictional, this court is without power to consider the same.

It is also contended that the verdict as amended is not sufficient to confer jurisdiction upon the court to pronounce judgment in this case. Said verdict reads as follows:

"We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do upon our oaths find the defendant, Roy Munson, guilty as charged in the information and assess his punishment at the minimum of seven years in the state's prison."

Which verdict was properly signed by the foreman of the jury. The contention is here made that burglary being a crime divided into degrees, and the jury having been instructed upon first and second degree burglary, the verdict is therefore so indefinite and uncertain as not to authorize the court to pronounce a judgment of conviction of the degree of which the jury intended to convict. This question has already been passed upon adversely to the contention of counsel for plaintiff in error in the case of *Bowlegs v. State*, 9 Okla. Cr. 69, 130 Pac. 824, wherein it was held:

·"The provision of Procedure Criminal (section 6874, Comp. Laws 1909; section 5922, Rev. Laws 1910) that 'whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty,' must be construed in connection with other provisions, i. e., section 6873, authorizing a general verdict of 'guilty' or 'not guilty,' and declaring that such verdict 'imports a conviction or acquittal of the offense charged,' and section 6878, providing that the court may direct informal verdicts to be reconsidered, and 'rendered in some form from which it can be clearly under-

stood what is the intent of the jury,' also section 2028 of the Penal Code, providing that the jury shall 'assess and declare the punishment in their verdict.' "

We hold, therefore, that it is clearly evident from the verdict returned in this case that it was the intention of the jury to find the defendant guilty of burglary in the first degree, and that the court did not err in pronouncing judgment to that effect.

It is also contended that the court erred in giving the following instruction:

"The jury are instructed that under the laws of this state a person accused of crime has a right to be a witness in his own behalf, and in this case the defendant having been a witness and having testified in his own behalf, the jury have no right to disregard his testimony from mere caprice or on the ground alone that he is the defendant and is interested in the event of the suit, or that he stands charged with crime; but you are instructed that his testimony ought to be received and considered by the jury in connection with all the other evidence in the case, and should be weighed and measured by the jury in the same manner as the testimony of other witnesses in the case."

It is contended that this instruction is erroneous and prejudicial to the substantial rights of the defendant in that it singles out the defendant and calls the jury's attention to the fact that he is an interested witness in the case. It is true that this court has held in numerous cases that it is erroneous for the court to call the jury's attention to the fact that the defendant is an interested witness, and that the jury may consider such fact in arriving at its verdict. The instructions condemned by this court, and held to be prejudicially erroneous, were much more drastic than the foregoing instruction given in this case. The instructions condemned were those in which the court spe-

cifically told the jury that it was its duty, in arriving at the verdict, to consider the fact that the defendant was an interested witness in his own behalf. The instruction given in this case was a precautionary one; the jury being specifically told that it had "no right to disregard his testimony from mere caprice or on the ground alone that he is the defendant and is interested in the event of the suit, or that he stands charged with crime, * * * but that his evidencec should be weighed and measured in the same manner as the testimony of other witnesses in the case." While this instruction perhaps tended to single the defendant out, we cannot see wherein its effect was to prejudice his testimony. It was intended by the court for his protection, to place him on the same footing with the other witnesses, and being a part of the law of the case the jury was bound so to receive it. By such instruction the jury was cautioned and prohibited from disregarding the testimony of the defendant from mere caprice, or upon the ground alone that he was the defendant. In addition, the jury was told that it should consider the evidence of the defendant in the same manner and weigh it the same as it would that of any other witness. Certainly this was all the defendant was entitled to. The jury is entitled to consider the interest that any witness has in the result of the trial, and when the defendant is placed upon the same plane with any other witness who testifies, it is unreasonable to say that he was prejudiced just because the jury was told of that fact in a separate instruction.

This court is not allowed to reverse a judgment of conviction on account of the misdirection of the jury, unless after an examination of the entire record it clearly appears that there has been a miscarriage of justice, or

that the defendant has been deprived of some constitutional or statutory right. Section 6005, Rev. Laws 1910.

To hold that the foregoing instruction amounts to an adverse or prejudicial comment upon the defendant's interest in the result of the action, or is a comment by the court on the weight of his testimony, is, in our opinion, illogical and unreasonable.

Instructions of this kind should not be given unless requested by defendant. The general instruction on the credibility of witnesses answers every purpose, and the trial courts should adhere to such an instruction to the exclusion of any that may direct the attention of the jury to the testimony of any particular witness. This court, however, is only authorized to reverse a judgment of conviction on account of a misdirection of the jury where it is clearly evident that, by reason of the giving of or refusal to give instructions, the defendant has been prejudiced to the extent that there has been a miscarriage of justice, or that he has been deprived of some constitutional or statutory right.

After a careful consideration of the entire record, it is our opinion that the judgment should be affirmed; and it is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.