# FRED COURTNEY v. STATE.

No. A-6081.   Opinion Filed Sept. 8, 1928.
(269 Pac. 1059.)

Thomas W. Conner, W. H. Hussey, and Mounts & Chamberlin, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Tillman county on a charge of having the unlawful possession of intoxicating liquor with intent to convey, and was sentenced to serve a term of six months in the county jail and to pay a fine of $500.

Prior to his trial in this case, defendant had been charged in case No. 1588 in said county court with having the possession of whisky with intent to sell. He was tried upon this charge and acquitted. When arraigned in the instant case (No. 1610), he demurred to the information on the ground of former jeopardy by reason of the trial in case No. 1588. This demurrer was overruled. Defendant then filed what is designated a "Motion to Quash," setting out that he had prior thereto been charged with having the identical possession of the identical whisky in the same transaction charged in the instant case; that he had been duly tried and acquitted upon such charge. Attached to this plea is a copy of the information in the former case.

The Attorney General has filed a confession of error in part as follows:

"* * * In the course of the trial the plaintiff in error introduced in evidence the record and testimony in case No. 1588, in the said county court of Tillman county, the same being the case referred to in plaintiff in error's motion to quash this information, and in which case the plaintiff in error was acquitted of having in his possession on the day charged in this information the same one-half gallon of whisky of which he was convicted in this case. The record discloses that the trial judge overruled both the demurrer and the motion to quash the information in this case, to which actions the plaintiff in

error excepted. Technically speaking, perhaps the trial judge did not err in overruling either the demurrer or the motion to quash the information. However, in the course of the trial the plaintiff in error offered in evidence the transcript of the testimony introduced in the trial in case No. 1588, on the theory that his motion to quash raised the issue of former jeopardy. The trial judge excluded the proffered testimony, but the same is included in the record in this case as an exhibit, and shows that in case No. 1588 the plaintiff in error was acquitted of having possession of this half gallon of whisky with intent to sell the same, while in this case he was convicted of having the possession of the same whisky with intent to convey the same.

"In the case of Anderson et al. v. State, 7 Okla. Cr. 491, 124 P. 86, this court held in the first paragraph of the syllabus as follows: 'An information charging the defendant with the unlawful possession of intoxicating liquors with intent to sell the same, and also the unlawful intent to convey the same from one place in the state to another place in the state, is not bad for duplicity.'

"In the body of the opinion it is said: 'The information in this case charging that appellants had in their possession certain prohibited liquors with intent to sell the same, and also charged that said liquor was held for the purpose of unlawfully conveying the same from one place in the state, unknown to informant, to another place therein. It is claimed that the information is bad for duplicity, in that it charges two separate and distinct offenses. We do not agree with this contention. If appellants had the liquor in their possession with the intent of violating all of the provisions of the prohibitory liquor law, such possession would constitute but one offense. An information which charges a defendant with unlawfully having in his possession prohibited liquor for the purpose of violating the prohibitory liquor law is sufficient; and, under such an information, the state can provide that the defendant intended to violate any one or all of such provisions, and such possession will constitute but one offense. See Childs v. State, 4 Okla. Cr. 474, 113 P. 545, 33 L. R. A. (N. S.) 563. The trial court, there-

fore, did not err in overruling the motion to quash the information upon this ground. * * *'

"It is apparent, from the foregoing decision of this court, that the state had no right to divide the offenses of possession of intoxicating liquor at one time into different offenses, because of the different intents with which the plaintiff in error may have possessed the said liquor. For such reason, the Attorney General believes this judgment should be reversed, and the case remanded, with directions to dismiss the same, although the action of the trial court may have been technically correct, for the reason that under the Constitution no person can rightfully be twice put in jeopardy in this state for the same offense."

See, also, Jackson v. State, 11 Okla. Cr. 523, 148 P. 1058.

An examination of the record clearly discloses that the charge in this case No. 1610 in the county court of Tillman county is a charge of the same act and transaction charged in case No. 1588, upon which charge defendant had been tried and acquitted. Art 2, § 21, of the state Constitution, provides that no person shall be twice put in jeopardy of life or liberty for the same offense. Section 2619 provides how the plea shall be made.

The constitutional immunity against being put twice in jeopardy may be waived, and is waived, if not presented to the court by plea. Sims v. State, 9 Okla. Cr. 561, 132 P. 508. The language of this opinion, however, might be construed as holding section 2619 mandatory, and that the plea could be made only in the form there set out. This statute is not mandatory, but directory. It is not within the power of the Legislature to so limit the constitutional provision, or to hedge it about by artificial restrictions, as to deprive an accused person of this constitutional guaranty. Where the facts of former conviction or acquittal are duly brought to the attention of the court before the jury is impaneled, the

plea is sufficient. This court, in Jackson v. State, supra, discusses the manner and time in which plea should be interposed, citing numerous authorities from this and other courts in support of the rule announced, that the special plea of former jeopardy is unnecessary, and not required when the record of the court, within the judicial knowledge of the court, presents all the facts concerning the prior trial and its results; that in such case the court will take cognizance of the records and determine their proper legal effect; and that the constitutional right of immunity is not waived where a defendant before the taking of testimony interposes a plea of former acquittal. In the instant case the written plea was duly filed, and was called to the attention of the court here, and by the trial judge overruled.

In Ex parte Nielsen, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118, the Supreme Court of the United States, on habeas corpus, discharged the petitioner, where the plea of former jeopardy was entered orally, and it was there said in substance that, where it appeared anywhere in the record that the conviction of an accused is in violation of the constitutional immunity against being twice put in jeopardy, the court is without jurisdiction of the cause, and the accused in such case entitled to his discharge by writ of habeas corpus.

The facts of former jeopardy in the record before us did not appear as a matter of law, and could not properly be raised by demurrer. Defendant's demurrer, therefore, was properly overruled. The facts of former jeopardy properly should be raised, not by a motion to quash, but by plea, as provided by section 2619, Comp. St. 1921. A pleading, however, is determined from the instrument itself, not from the designation given it.

The so-called motion to quash was in fact a plea of former jeopardy. This plea, the evidence, and the offer

of evidence under it, which was rejected by the court, but which is incorporated in the case-made, and the judicial knowledge taken by court of its own records, clearly brought to the attention of the court the fact that defendant had been tried and acquitted in another case of the identical transaction charged in this case. The constitutional right of defendant against being twice put in jeopardy must not be overridden. The confession of error of the Attorney General rightfully interprets the law, and it is adopted.

The case is reversed and remanded, with instructions to dismiss.

DOYLE, P. J., and DAVENPORT, J., concur.