# ARCH HARMON v. STATE.

No. A-6548.  Opinion Filed June 8, 1929.
(278 Pac. 354.)

M. D. Hartsell, for plaintiff in error.

S. H. Lattimore, Co. Atty., Phillip K. Oldham, Asst. Co. Atty., and S. C. Cavender, Deputy Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted of having possession of whisky with intent to sell the same, and his punishment fixed at a fine of $150 and imprisonment in the county jail for a period of 30 days.

The evidence of the state discloses the following facts: That the officers had been to the place where the whisky and the still were found on Tuesday night prior to May 22,

1926, and had found two barrels of whisky mash, freshly put up and still warm; that the officers went back on Saturday night and the mash was gone; that the officers procured a search warrant and went back to defendant's premises on Sunday morning; that there was a path leading from the road in front of defendant's house out to where the still and whisky were found; that the whisky was found between defendant's house and the still and some distance from the still, covered over with leaves, and following the tracks the still was found; that the officers took the still and the liquor to defendant's house and after some controversy the defendant threw an iron shoe last and broke the gallon jug containing the whisky. One Joe Rains, testifying for the state, testified that an Saturday afternoon he saw the defendant and one Bill Crossland at the place where the officers found the still; that Lee Watson was with him; and that they got a drink of whisky that was being run from the still and went on their way. The whisky in controversy in this case was found near where the witness testified the defendant and Crossland were with the still. Bill Crossland testifying for the defendant on cross-examination admitted that he had made whisky, but denied that he was present with defendant at the time witness Rains said he saw them there at the still. The evidence of the defendant, except as to breaking the jug of whisky, flatly contradicts the evidence of the state.

The first error complained of by the defendant is the overruling by the trial court of his plea in jeopardy. The deputy sheriff with the search warrant found the whisky, which the defendant is charged with having possession of, between defendant's house and the still, and, going further on out into the field, found the still. Two charges were filed against the defendant, one charging him with the

possession of the still. He was tried and acquitted on that charge. The other charge filed against the defendant was the possession of the gallon of whisky, and the question now presented to the court is, Was the acquittal of the defendant on the charge of having possession of the still a bar to his prosecution in the case at bar? Cyc. states the rule to be: "That the former conviction and acquittal must have ·been upon the prosecution of the identical act or crime but the two charges need not be precisely the same in point of degree; it is enough if an acquittal of the one shows that the defendant could not have been guilty of the other." 12 Cyc. 280.

In the case of Morris v. Territory, 1 Okla. Cr. 618, 99 Pac. 760, this court said:

"If a plea of former acquittal or former jeopardy shows upon its face a different offense from that for which the defendant is then on trial, or if it is otherwise fatally defective, it should not be submitted to the jury, but should be stricken from the record of the court."

In the case of Harris v. State, 17 Okla. Cr. 69, 175 Pac. 627, this court said:

"The constitutional provision against a second jeopardy is merely declaratory of the ancient principle of the common law. In application it is limited only to a second prosecution for the identical act and crime, both in law and fact, for which the first prosecution was instituted. * * * The burden is upon the defendant to show that his plea of former acquittal and former jeopardy is well founded, both in law and fact."

The fact that the officer seized the liquor and the still under the same search warrant and during the same raid is not the controlling factor in the question of former jeopardy. The question is, Was the possession of the still

and the liquor seized the same criminal act, transaction, or omission? The evidence required to convict for possession of liquor with intent to sell the same in the case at bar was different from that required to convict for possession of the still. In the case of the still, it was only necessary to show that the defendant was in possession of a still capable of being used for the manufacture of liquor. In the case at bar, it was necessary for the state to prove the possession of the liquor; the quantity being prima facie evidence of the intent of the defendant to barter, give away, or sell the same. The defendant being charged in the two cases under different statutes and with the commission of different offenses, and the proof in one case not being sufficient to secure a conviction in the other case, and the crimes not being one necessarily included in the other, the conviction or acquittal in the charge of possession of the still would not be a bar for the prosecution of the defendant for possession in the case at bar. The plea of former jeopardy was therefore properly overruled.

The defendant next complains of the admission of incompetent, irrelevant, hearsay, and prejudicial testimony. The defendant took the witness stand in his own behalf and in answer to questions propounded by his counsel denied that he had ever been charged with any crime before or had ever been arrested for making liquor or selling liquor except the two cases of the still and the case at bar. On cross-examination he admitted that he had previously been arrested charged with the sale of intoxicating liquor. The county attorney asked the defendant if he had not been charged with selling liquor to Charlie Morris. The defendant denied this, it appearing that the name of the man he was charged with selling liquor to was Moore instead of Morris.

The real question in the case, so far as affecting the credibility of the witness was concerned: Was he charged with selling the whisky? The defendant having offered himself as a witness and testified on direct examination as to his character as a law-abiding citizen, and not having ever sold any intoxicating liquor, the state had a right on cross-examination to go into this question. The evidence would not have been admissible except for the fact that the defendant himself, through his counsel, had testified positively to the actions upon which he was cross-examined. The defendant also testified as to the disposition made of the Charlie Morris Case and the assistant county attorney was then permitted by the court to testify that, after the jury was in the box ready to try the case, he discovered the mistake in the name and dismissed the case. All of this evidence was brought out in the first instance in direct examination by defendant's own counsel, and the evidence of the state was offered merely to impeach the testimony of the witness and was competent for that purpose.

Finally, the defendant argues that the evidence is insufficient to support the verdict. This court has often held that, where there is a conflict in the evidence and there is any competent evidence in the record showing the guilt of the defendant, the cause will not be reversed for insufficient evidence. The defendant complains of other errors that are without merit.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., not participating.