## BARTON SMITH v. STATE.

No. A-6664.   Opinion Filed August 10, 1929.
Rehearing Denied September 7, 1929.
(280 Pac. 317.)

Eaton, Burroughs & Cavanaugh, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Okmulgee county on a charge of larceny of a domestic animal, and his punishment fixed at imprisonment in the state penitentiary for a term of two years.

It is first contended that the trial court erred in overruling the demurrer to the evidence in this case. The defendant claimed that there was an entire failure on the part of the state to prove that the hog sold by the defendant and his codefendant Parks at the town of Morris was the property of Hulsey. Hulsey testified that he had a hog of that kind which ranged on these premises. Young Parks testified to the fact that a hog of the description of Hulsey's was the one sold by him and this defendant, Smith, to Clark on the 2d day of February, 1929, in the town of Morris. Mrs. Parks testified that Hulsey had claimed this particular sow as his property. Jim Castro testified that the defendant gave him and Oscar Parks 50 cents apiece not to tell that they saw the hog in the slaughter pen. He testified that it was the same one that had been around the place; he testified that Mrs. Parks took some hogs to town that day, but that this one was taken separately by the defendant and his codefendant, Arthur Parks, and that it was the hog that had been around the place probably three months. The facts disclosed by this evidence constituted a chain of circumstances which show conclusively that the sow taken by this defendant and Young Parks was the sow that belonged to Hulsey and was the particular property alleged in the information to have been stolen by defendant from Hulsey.

The defendant next complains that the court erred in giving instructions No. 6, 8, 10. We have been unable to find in the record where the defendant saved any exceptions to the instructions. Where no exceptions to any of the instructions given by the court are taken, the accused as a matter of right has no cause for complaint against the instructions given, unless they appear to be fundamentally wrong and prejudicial to the rights of the accused. McCullom v. State, 22 Okla. Cr. 46, 209 Pac. 781; Inman v. State, 22 Okla. Cr. 162, 210 Pac. 742; Cruzan v. State, 13 Okla. Cr. 71, 161 Pac. 1179.

An erroneous instruction, unless fundamentally wrong, will not be ground for reversal unless excepted to at the time of the trial as provided by law. Anderson v. State, 7 Okla. Cr. 491, 124 Pac. 86; Eccleston v. State, 12 Okla. Cr. 106, 152 Pac. 337; May v. State, 12 Okla. Cr. 108, 152 Pac. 338.

In the case of Ford v. State, 5 Okla. Cr. 241, 114 Pac. 273, 274, this court said:

"Where the record shows no objection or exception to the instructions of the trial court, such instructions will not be examined by this court for the purpose of discovering other than fundamental errors on appeal."

Instruction No. 6 is not an accurate statement of the law relative to the larceny of live stock but we believe that, when this instruction is considered in connection with instruction No. 12, the jury could not have been misled into believing that it was not incumbent upon the state to prove that the hog stolen was the property of Ernest Hulsey and that it was necessary for the jury to find that the thief or thieves intended to deprive the true owner of such property whomsoever he might be.

It is a general principle of law in a criminal case that a defendant is entitled to be tried on legal evidence alone and have his guilt determined by the jury upon correct instructions as to the law, but it does not necessarily follow that every error in the admission or rejection of testimony and in the instructions to the jury will be ground for reversal. In order to constitute ground for reversal, an error must relate to some material matter and must result in depriving the defendant of some substantial right to his injury. 16 Corpus Juris, 1148; Thompson v. State, 6 Okla. Cr. 51, 117 Pac. 216; Munson v. State, 13 Okla. Cr. 569, 165 Pac. 1162.

In the case of Gransden v. State, 12 Okla. Cr. 417, 158 Pac. 157, this court, in paragraph 3 of the syllabus, said:

"When the instructions taken and considered together embrace the law of the case, though one of them may be erroneous, still for such error a judgment of conviction will not be reversed, unless it shall appear from the whole record that it was prejudicial to the substantial rights of the defendant."

The theory of the defendant apparently was that the animal had strayed on the premises of Mrs. Parks and that he could not be convicted of larceny for the taking of the same unless he had the unlawful intent to steal it at the time the animal came on the premises of Mrs. Parks. The court gave instructions Nos. 8 and 10 apparently upon this theory of the defendant. The giving of the same was probably unnecessary, but was favorable to the defendant, and he could therefore have no just cause of complaint for the giving of the same.

The instructions, when considered all together, reasonably and fairly state the law of the case. Under the

authorities cited in this opinion, this court would not be justified in reversing the case because of the giving of the instructions complained of. The defendant did not take the witness stand, saved no exceptions to the instructions, and relies wholly upon technical error of law for a reversal of the judgment. He had a fair trial. The jury returned a verdict of guilty upon sufficient evidence, and the cause should not be reversed for the errors complained of.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.