## VIRGIL LATHAM v. STATE.

No. A-6858.   Opinion Filed Oct. 26, 1929.
Rehearing Denied Nov. 8, 1929.
(281 Pac. 823.)

I. L. Cook, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Atoka county on a charge of unlawfully transporting intoxicating liquor, and his punishment fixed at a fine of $50 and confinement in the county jail for 30 days.

C. P. Ray, Jr., sheriff, testified, in substance, that he was driving on the Jefferson Highway near Flor Switch when he noticed a man on horseback meet a car.   They stopped, and as they stopped the man on the left-hand side of the car handed out a jar of whisky, and the man on horseback started to take a drink.   As the witness drove his car up opposite the defendant's car, the man on horseback started to pour the whisky out of the bottle.   Parties in the car broke some jars of whisky, the witness picked up the cap of one of the jars, and tasted the contents, which he said was whisky.   Witness found a quart

jar of whisky in the car. The witness testified that the defendant was riding on the left-hand side of the car, and was driving the car, and that he handed out the bottle of whisky to the man on horseback.

The information charged the defendant with transporting liquor from a point in Atoka county to the point near Flor Switch. The evidence of the sheriff was sufficient, if believed by the jury, to justify a verdict of guilty,

The defendant contends that the court erred in giving instruction No. 3, in that said instruction shifts the burden of proof to the defendant. The instruction reads as follows:

"Some evidence has been introduced in this case to the effect that the defendant was driving the car in which the liquor alleged to have been transported was being transported. If you believe from the evidence beyond a reasonable doubt that the defendant was in charge and control of and was driving the car in which such liquor was found, if you believe from the evidence that such liquor was found, but if you further believe from the evidence that the defendant had no knowledge of such liquor being in said car then it would be your duty to acquit the defendant.

"On the other hand if you believe from the evidence beyond a reasonable doubt that said car in which said liquor was found, if you believe such liquor was found in said car, was under the charge and control of and was being driven by the defendant and if you further believe beyond a reasonable doubt from the evidence that said defendant had knowledge of such liquor being placed in said car, if you believe it was placed therein and that defendant consented to the placing of such liquor therein or if you believe from the evidence beyond a reasonable doubt that he had knowledge that such liquor was so placed in said car and failed to object to the placing of same therein and permitted same to remain therein while

he was driving such car then in either of such events it would be your duty to convict the defendant."

While the instruction is not skillfully drawn, it does not shift the burden of proof to the defendant. This court will not reverse a judgment of conviction on account of the misdirection of the jury unless after an examination of the entire record it clearly appears that there has been a miscarriage of justice or that the defendant has been deprived of some constitutional or statutory right. Munson v. State, 13 Okla. Cr. 570, 165 Pac. 1162; Smith v. State, 44 Okla. Cr. 254. 280 Pac. 317.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.