## THOMAS A. BAYNE v. STATE.

No. A-7086.  Opinion Filed July 19, 1930.
(290 Pac. 342.)

Walter Mathews, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was by information charged with the sale of two pints of intoxicating liquor to Grady Lancaster, on the 29th day of December, 1927; was tried, convicted, and sentenced to pay a fine of $200 and costs and be confined in the county jail for a period of 30 days.  From which judgment the defendant by petition in error and case-made attached has appealed to this court.

The defendant for his defense in this case pleads former jeopardy, that he had been tried in the district court of Payne county, on the same charge, and a verdict of not guilty rendered.  An examination of the record discloses that in case No. 1466, State of Oklahoma v. Thomas A. Bayne, a second amended information charged the defendant on the 9th day of April, 1927, with the crime of possession of spirituous liquor, and that on said date he en-

tered his plea of guilty and was sentenced by the court to serve 30 days in jail and pay a fine of $100, and that thereafter, to wit, on the 29th day of December, 1927, the said Thomas A. Bayne did then and there willfully, knowingly, and feloniously sell two pints of spirituous liquor for the sum of $3. The information in this case, which was No. 5044, State of Oklahoma v. Thomas A. Bayne, in the county court of Payne county, charged the defendant with selling to Grady Lancaster, on the 29th day of December, 1927, two pints of spirituous liquor for $3. The date of the alleged offense in the district court and the date of the alleged offense in the county court are the same, the party to whom the sale is alleged to have been made and the amount of the whisky and price paid is the same in each information.

In the trial of this case the state called Grady Lancaster as a witness, who testified as follows:

"I bought from the defendant, Thomas A. Bayne, in Payne county, state of Oklahoma, on the 29th day of December, 1927, two pints of whisky, for which I paid him $3; this is the only whisky I bought from him on that date; I testified in the case of State of Oklahoma vs. Thomas A. Bayne, No. 1466, in the district court of Payne county, in which the defendant was on trial for the sale of this same whisky; this defendant was the same person that was on trial in that court, and he was on trial for this same sale of whisky. The two bottles of whisky I now hold is the whisky I bought from the defendant on the 29th day of December, 1927."

The defendant introduced a transcript of the proceedings of the trial in the district court of Payne county, showing a trial and acquittal upon a charge of having sold to Grady Lancaster, on the 29th day of December, 1927, two pints of whisky for which Lancaster paid $3. The defendant's plea of former jeopardy and acquittal was

decided against him, and defendant by petition in error and case-made has appealed to this court.

The defendant has assigned two errors alleged to have been committed by the trial court. First, the court erred in overruling his motion for a new trial on his plea of former jeopardy. Second, the verdict of the jury and judgment of the court in favor of the state on his plea of former jeopardy is contrary to, and not sustained by, the evidence or the law.

An examination of the record in this case clearly shows that the defendant had been tried in the district upon a second amended information alleging a former conviction, and then charging that on the 29th day of December, 1927, this defendant sold two pints of whisky to Grady Lancaster for the sum of $3. In other words the record shows conclusively that the defendant was tried in the district court of Payne county, a court of competent jurisdiction, and that the information charged sufficient facts to give the district court jurisdiction of the offense charged, and was upon direction of the court acquitted. The testimony in this case clearly shows that this sale, for which the defendant was being tried in this case, was the same sale made to the same party, for the same price, as the testimony in the trial in the district court.

The plea of the defendant, of former jeopardy and acquittal, is sufficient under section 2619, C. O. S. 1921. While it is not a model plea, it states all that is necessary to bring to the attention of the court the question that he had been tried and acquitted of the same offense charged against him in the information in this case. Courtney v. State, 41 Okla. Cr. 30, 269 Pac. 1059.

Where the defendant pleads former jeopardy and acquittal, the burden is upon him to show that his former

acquittal and former jeopardy is well founded, both in law and in fact. Harmon v. State, 43 Okla. Cr. 251, 278 Pac. 354.

The defendant's plea of former jeopardy and acquittal was well taken, and the court should have sustained the same. For the reasons herein stated, the judgment is reversed and remanded, with instructions to dismiss.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.