JIM MOWELS v. STATE.

No. A-8167.   Oct. 16, 1931.
(11 Pac. [2d] 205.)

Shelton & Shelton and W. F. Duncan, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Ted R. Fisher, Co. Atty., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Blaine county of the crime of unlawful possession of a still, and his punishment fixed by the jury at a fine of $150 and imprisonment in the county jail for 60 days.

The evidence of the state was that the officers had a search warrant for the premises of Adam Weber; that

they found the defendant in possession of a still, which he was operating, 93 barrels of mash, and some whisky.

Defendant contends that the state filed four cases against him; one for unlawful possession of a whisky still, one for unlawfully manufacturing whisky, one for unlawful possession of mash; and one for unlawful possession of whisky.

The record in the case at bar does not show that any other case was filed against the defendant arising out of this transaction. The defendant filed no plea of former jeopardy, and made no mention of former jeopardy in his motion for new trial.

In Courtney v. State, 41 Okla. Cr. 30, 269 Pac. 1059, this court said:

"Constitutional immunity against twice being put in jeopardy for same offense may be waived; constitutional immunity against twice being put in jeopardy for same offense is waived, unless accused presents plea of former jeopardy (Const. art. 2, § 21).

"Special pleas of former acquittal or conviction are generally required in subsequent prosecutions; plea of former acquittal or conviction must be made, where subsequent prosecution is in different tribunal or proceeding; statute prescribing form for plea of former acquittal or conviction is not mandatory (Const. art. 2, § 21; Comp. St. 1921, § 2619)."

In Sims v. State, 9 Okla. Cr. 561, 132 Pac. 508, this court said:

"The plea of former jeopardy cannot be considered by the appellate court, unless it is presented in the lower court in the manner prescribed by statute."

Even if the contention of defendant be true that the state filed four cases against him arising out of the same

transaction, no plea of former jeopardy ever having been presented to the trial court, the record presents no question for this court.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.