### F. J. MEEK v. STATE.

No. A-8485. March 18, 1933.
Rehearing Denied June 9, 1933.
(22 Pac. [2d] 938.)

Robert Burns, for plaintiff in error.

J. Berry King, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county of the offense of acting as agent and representative of the Globe Casualty Company, without having registered with the Oklahoma Securities Commission as a dealer or salesman, and his punishment fixed by the jury at a fine of $1,000 and imprisonment in the state penitentiary for a term of two years.  In the trial court defendant acted as his own counsel.

Defendant raises the same legal questions in this case as in 54 Okla. Cr. 415, 22 Pac. (2d) 933, decided at this sitting of the court, and, in addition thereto, attempts to raise the question of former jeopardy.

The record discloses that, after the jury was impaneled and the opening statement made by counsel for the state, defendant's counsel said:

"Comes now the defendant and moves that the affidavit or information herein be quashed for the reason that it does not state facts sufficient to constitute a crime against the state of Oklahoma, and for the further reason that it appears upon its face that it involves the same transaction for which the defendant has this day answered, and for which reason the defendant asks permission of the court to file his plea of prior jeopardy."

No other or further objection or showing was made as to former jeopardy.

In Petitti v. State, 3 Okla. Cr. 587, 107 Pac. 954, this court said:

"A plea of former acquittal will not be considered by this court where it was not interposed on arraignment and incorporated in the case-made."

In Sims v. State, 9 Okla. Cr. 561, 132 Pac. 508, this court said:

"The plea of former jeopardy cannot be considered by the appellate court, unless it is presented in the lower court in the manner prescribed by statute."

In Mowels v. State, 52 Okla. Cr. 193, 11 Pac. (2d) 205, this court said:

"Special pleas of former acquittal or conviction, as provided by statute (section 2619, Comp. St. 1921), are generally required in subsequent prosecutions for an offense which has before been tried."

The record discloses that no plea of former jeopardy was presented to the trial court.

Our jurisdiction is purely appellate, except in certain specific instances. Questions which were not presented to the trial court cannot be considered by this court, unless they are jurisdictional. Since a plea of former jeopardy may be waived, and is not jurisdictional, the record presents no question for this court.

For the reasons stated, the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent.